212 So.2d 1 (1968)
Tom ADAMS, As Secretary of State of the State of Florida, et al., Appellants,
v.
Frank SUTTON, On Behalf of Himself and Others Similarly Situated, Appellees.
No. 36913.
Supreme Court of Florida.
June 5, 1968.
Rehearing Denied July 15, 1968.
*2 Earl Faircloth, Atty. Gen., and Robert A. Chastain, Asst. Atty. Gen., for appellants.
Milton E. Grusmark and Natalie Baskin, Miami Beach, for appellees.
DREW, Justice.
Appellant in this case controverts a declaratory decree of the circuit court holding the following statute invalid under Sec. 1, 13, or 15, Decl. of Rights, Sec. 1, Art. VI, Fla. Const., F.S.A., or Amend. 14, U.S. Const.
"(b) No person holding a license for the sale of intoxicating beverages, nor any member of an unincorporated association holding such a license, nor any officer or director of a corporation holding such a license, shall make, directly or indirectly, any contribution of any nature to any political party or to any candidate for nomination for, or election to, any political office in the state; provided however that these prohibitions shall not apply to members of country clubs, fraternal, social, and cultural organizations." (e.s) F.S. Sec. 99.161(1) (b), F.S.A.
The decree states:
"The contention of the Plaintiff is that the subsection under attack is unconstitutional in that no reasonable classification exists. The Court concludes that notwithstanding the fact that the constitutionality of Section 99.161, Florida Statutes, as written prior to 1965 was upheld in Smith v. Ervin [Fla.], 64 So.2d 166, the amendment added by the 1965 session of the Legislature is unconstitutional for the reasons as contended by the Plaintiff * * * Subsection (1) (b) of Section 99.161, Florida Statutes, 1965, is declared null, void and inoperative."
This statute, prohibiting political contributions by liquor licensees, was designed to apply both to individual licensees and to those affiliated with group licensees, either unincorporated associations or corporate license holders. The amendment condemned by the decree in this case provides "these prohibitions shall not apply to members of" certain organizations of a fraternal nature. This language, in our opinion, simply excludes those organizations from the group licensees covered by the act, and prevents application of its prohibitions against contributions on the basis of affiliation with such licensees. We do not overlook the contention that the amendment might be literally construed, out of context, to provide that members of fraternal, social and cultural organizations shall be excluded from the prohibition against contributions, regardless of their status otherwise as individual or affiliate liquor licensees. Certainly this result was not intended and does not follow from our construction of the proviso, which by "these prohibitions" refers to prohibitions against contributions by affiliates of organization licensees.
Thus construed, we think the amendment must be regarded as based on inherent distinctions between the specified organizations and others for which beverage licenses might serve a different purpose. We are presented with no evidence, argument or authority which would negate the existence of a reasonable relationship between the purpose of the act and the classes excluded. So far as plaintiff based his attack on alleged discrimination between liquor licensees and other business endeavors, the situation is one governed by principles well stated in an earlier opinion of this Court recognizing that:
"* * * the regulation and control of the alcoholic beverage business is peculiarly a legislative function. In this *3 connection, as in all similar situations, when the legislative branch of the government exercises a legislative power in the form of a duly enacted statute or ordinance it is not the function of a court to explore the wisdom or advisability of the enactment in order to bring its enforceability into question. To this end the limits of the court's authority is to measure the validity of the legislative enactment by the requirements of the controlling law. If those standards are met the legislation should be upheld." State ex rel. Eichenbaum v. Cochran, Fla., 114 So.2d 797, 800.
The Florida Constitution, Sec. 26 of Article 3, requires that laws be passed to prevent all undue influence from improper practice in the conduct of elections. Our decisions recognize that "what is an `improper practice' is for the Legislature to ascertain and prohibit under adequate penalties, within the reasonable limitations implied in the exercise of all expressly stated legislative powers."[1]
The decree is accordingly reversed and the cause remanded for disposition in accordance with this opinion.
THOMAS, ROBERTS, ERVIN and ADAMS, JJ., concur.
THORNAL, J., concurs in part and dissents in part with opinion.
CALDWELL, C.J., concurs in opinion by THORNAL, J.
THORNAL, Justice (concurring in part and dissenting in part).
I would strike from the statute the italicized proviso quoted in the opinion by Justice Drew. The legislature might have intended what the opinion assumes but it certainly did not so state. I fear that the opinion merely supplies a judicial assumption of legislative intent, contrary to the expressed language of the enactment. The proviso, I think, is unconstitutional. I would strike it and permit the remainder of the statute to stand. I concur in part and dissent in part.
CALDWELL, C.J., concurs.
NOTES
[1] Ex parte Hawthorne, Fla. 1934, 116 Fla. 608, 156 So. 619, 624, 96 A.L.R. 572.