James W. RANKIN, Plaintiff-Appellant,

v.

STATE OF FLORIDA et al., Defendant-Appellee.

No. 27064

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1969.

Rehearing Denied Nov. 26, 1969.

Natalie Baskin, Milton E. Grusmark, Miami Beach, Fla., for plaintiff-appellant.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Gus Efthimiou, Jr., Asst. Atty. Gen., Miami, Fla., for defendant-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge.

█ Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This is an appeal from an order of dismissal entered by the District Court of the Southern District of Florida in a class action brought pursuant to the Federal Declaratory Judgment Act challenging the constitutionality of Florida Statute, Section 99.161, F.S.A.,[1] which prohibits political contributions by persons licensed by the State to sell alcoholic beverages. The State's motion to dismiss was granted on the ground that the federal issues presented in this case had been presented, litigated, and decided previously in the Florida courts. [Adams v. Sutton, Fla. 1968, 212 So.2d 1, appeal dism. 393 U.S. 404, 89 S.Ct. 681, 21 L.Ed.2d 630 (1969) (for lack of substantial federal question).]

On December 6, 1966, a class action on behalf of all persons licensed by the State of Florida to sell intoxicating beverages (styled Sutton v. Adams) was brought in a Florida Circuit Court against the Attorney General and the Secretary of State of Florida to declare that "Florida Statute 99.161(1) (b) [F.S.A.] is in conflict with the Constitution of the State of Florida * * * and/or with the Fourteenth Amendment to the Constitution of the United States, and that Section 99.161(1) (b) is unconstitutional, null, void and unenforceable".[2] The instant declaratory judg-

---

1. The relevant part of F.S. 99.161 provides:

    "(1). (b) No person holding a license for the sale of intoxicating beverages, nor any member of 'an unincorporated association holding such a license, nor any officer or director or a corporation holding such a license, shall make, directly or indirectly, any contribution of any nature to any political party or to any candidate for nomination for, or election to, any political office in the state; providing, however, that these prohibitions shall not apply to members of country clubs, fraternal, social and cultural organizations."

    Penalties for violation of F.S. 99.161 (1) (b), F.S.A., are stated in F.S. 104.27, F.S.A., and include fine and imprisonment as well as revocation of the license.

2. Specifically, the complaint in the state action alleged that Section 99.161(1) (b) F.S.A. is violative of the Florida Constitution or the U. S. Constitution in the following respects:

    1. Section 99.161(1) (b) discriminates against liquor licensees because businessmen in other fields are allowed to make political contributions;

    2. Section 99.161(1) (b) denies liquor licensees equality before the law under Section 1 of the Florida Declaration of Rights;

    3. Section 99.161(1) (b) denies freedom of speech;

    4. Section 99.161(1) (b) denies liquor licensees their right of assembly under Section 15, Florida Declaration of Rights;

    5. Section 99.161(1) (b) denies liquor licensees rights as an elector under Section 1, Article VI, Florida Constitution;

    6. Section 99.161(1) (b) is unconstitutionally vague and ambiguous;

    7. Section 99.161(1) (b) denies equal protection of the laws by restricting plaintiffs' right to vote and

ment action was commenced in federal district court on December 30, 1966, and seeks to have Section 99.161(1) (b) declared to be violative of the Fourteenth Amendment of the U. S. Constitution.[3] The federal complaint was later amended into a class action in behalf of all holders of licenses issued by the State of Florida permitting the sale of intoxicating beverages. The same attorneys that represented the named plaintiff in the state action represent the named plaintiff in this action.

The Florida Circuit Court held Section 99.161(1) (b) unconstitutional on October 5, 1967 on the ground that a 1965 amendment exempting "members of country clubs, fraternal, social, and cultural organizations" from the operation of the statute was not a reasonable classification. However, the state court did not indicate whether it was relying on the Florida Constitution or the U. S. Constitution, or both, in reaching its decision.

On October 13, 1967, the plaintiff in the federal action filed a motion to dismiss on the ground that the Florida Circuit Court had declared Section 99.161(1) (b) unconstitutional on grounds similar to those set forth in the federal complaint. This motion was withdrawn on October 30, 1967. On June 5, 1968, the Florida Supreme Court reversed the decree of the Circuit Court and held that there was a reasonable relationship between the purpose of Section 99.161(1) (b) and the groups excluded from its operation. (Adams v. Sutton, Fla. 1968, 212 So.2d 1.)

In ordering the cause dismissed, the District Court in effect held (1) that the plaintiffs in the state and federal actions, being members of the same class and being represented by the same counsel, were identical; (2) that the federal constitutional issues were presented and argued without reservation before and decided by the Florida courts; and (3) that by pursuing their remedy unreservedly in state court, the plaintiffs elected to be bound by the state court on the federal constitutional issues, and that abstention by the federal courts is in order in such a case, particularly in view of the plaintiffs' election to appeal the state action to the United States Supreme Court, relying on England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) and NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963).

The appellant here contends that the District Court committed error in dismissing the federal action on the basis of the Abstention Doctrine because: (1) the federal constitutional issues were not litigated or decided by the state courts nor presented to the U.S. Supreme Court

support the candidate of his choice, or political party of his choice by limiting his right to vote to the actual casting of his ballot without a reasonable basis and without reasonable classification contrary to the Fourteenth Amendment to the U. S. Constitution.

3. The complaint in the federal action advanced the following reasons that Section 99.161(1) (b) is unconstitutional:

1. Section 99.161(1) (b) denies due process of law by restraining without reason the plaintiffs from fully exercising their right to vote and contribute to the candidate or political party of their choice;

2. Section 99.161(1) (b) discriminates against plaintiffs in their right to work and deprives them of property without due process of law;

3. There is no reasonable relationship between the prohibition of Section 99.161(1) (b) and the exercise of the police power;

4. Section 99.161(1) (b) denies equal protection of the law by making an exception for liquor licensees who are members of certain organizations;

5. Section 99.161(1) (b) denies equal protection of the laws by limiting the plaintiffs' participation in supporting the political party of his choice in such manner as is provided by the Presidential Election Campaign Fund Act of 1966;

6. Section 99.161(1) (b) deprives the plaintiffs of their right to contribute to the political candidate and party of their choice and to exercise fully the right to vote and to speak freely in the election.

on appeal;[4] (2) the federal action and the state action did not present identical issues; and (3) the plaintiff in the federal class action cannot be bound by the outcome of the class action brought in state court.

■ The issue thus before the Court is whether the District Court was correct in dismissing the federal action after the state action had become final. We hold that the District Court was correct and affirm.

■ Although the District Court below invoked the Abstention Doctrine as the basis for the dismissal, the situation presented does not fall neatly into the Abstention mold. Generally, the Abstention Doctrine refers to a postponement of litigation in District Court in a case involving both federal and state questions in order to allow the parties to obtain a final adjudication of the state questions in the state courts before the federal issues are decided in federal court. See Harrison v. NAACP, 360 U.S. 167, 177, 79 S.Ct. 1025, 3 L.Ed.2d 1152, 1158 (1959); Louisiana Power and Light Co. v. City of Thibodaux, 360 U.S. 25, 29, 79 S.Ct. 1070, 3 L.Ed.2d 1058, 1062 (1959); Wright, Federal Courts, Sec. 52, p. 169 (1963 ed.). In the present situation, the same cause of action, involving both state and federal constitutional issues, was brought almost simultaneously in both state and federal courts by different members of the same class acting in concert. The state action was litigated first and the plaintiff argued both state and federal constitutional points without any reservation (although as a matter of tactics the plaintiff refrained from making a general attack on Section 99.161 on federal constitutional grounds). The decision of the state trial court was favorable to the plaintiff, and the plaintiff in the federal action moved to dismiss the federal action. However, the motion was withdrawn when it became apparent that the state decision was to be appealed. The plaintiff lost in the Florida Supreme Court (Sutton v. Adams, supra) and now seek a readjudication on the merits in federal district court. At this point the situation becomes similar to abstention cases where the parties file in federal court and, when sent to state court, litigate the federal issues without reservation, and then seek to return to district court after the state court disposes of all the issues presented. In England v. Louisiana State Board of Medical Examiners, supra, the United States Supreme Court said:

> [W]e see no reason why a party, after unreservedly litigating his federal claims in the state courts although not required to do so, should be allowed to ignore the adverse state decision and start all over again in the District Court. Such a rule would not only countenance an unnecessary increase in the length and cost of litigation; it would also be a potential source of friction between the state and federal judiciaries. We implicitly rejected such a rule in Button, when we stated that a party elects to forego his right to return to the District Court by a decision "to seek a complete and final adjudication of his rights in the state courts". We now explicitly hold that if a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court—he has elected to forego his right to the District Court. 375 U.S. at 419, 84 S.Ct. at 466–467.

The District Court's reliance on *England*, which infused well-known princi-

---

4. Appellant argues that the federal constitutional attack on Section 99.161(1)(b) in the state action was limited to whether the exception for members of certain organizations imbodied in the 1965 Amendment constituted a denial of equal protection of the laws under the Fourteenth Amendment and that no general federal attack was made in state court since it would have been useless in light of Smith v. Ervin, Fla., 1953, 64 So.2d 166, which upheld Section 99.-161 in the face of a general constitutional attack.

**486**

ples of *res judicata* into the arena of abstention, is well placed. The doctrine of *res judicata* provides that, if a previous judgment is valid, and on the merits, it is an absolute bar in another case on the same cause of action between the same parties and their privies not only in respect of every grounds of recovery or defense which were presented but also as to every ground of recovery or defense which might have been presented. Acree v. Air Line Pilots Ass'n, 5 Cir., 1968, 390 F.2d 199; See Frazier v. East Baton Rouge Parish School Bd., 5 Cir., 1966, 363 F.2d 861.

The plaintiff in the federal class action is therefore barred from litigating further in federal court by the final determination of the state class action, since the parties and issues were identical in substance, if not in form. Acree v. Air Line Pilots Ass'n, supra. The order of the District Court dismissing the plaintiff's case is

Affirmed.