**S. K. BROWN**

v.

**GEORGIA POWER COMPANY.**

**Civ. A. No. 1775.**

United States District Court,
S. D. Georgia,
Augusta Division.

Aug. 15, 1973.

Percy J. Blount, Augusta, Ga., for plaintiff.

Robert C. Norman, Augusta, Ga., for defendant.

### ORDER

ALAIMO, District Judge.

Plaintiff, smarting over the condemnation of his land by the defendant, public utility, brings this action under the Civil Rights Act and its jurisdictional counterparts,[1] claiming that the utility,

---

1. 28 U.S.C. § 1331 provides in pertinent part: "(a) The district courts shall have original

jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or

acting under color of the State law of Eminent Domain, deprived him of rights secured to him by the Fifth and Fourteenth Amendments to the United States Constitution.

Defendant moves alternatively for judgment on the pleadings or summary judgment under Fed.R.Civ.P. 12(c) thereby posing the question for decision here.

The facts in the record, which are deemed to present a sufficient basis for summary disposition of the case, are as follows:

After unsuccessful attempts at purchasing the plaintiff's property in Burke County, the defendant, a public utility, filed a condemnation action in the Superior Court of Burke County on August 11, 1971.[2] By court order of that date, a Special Master was appointed to receive evidence upon the issues pursuant to Ga.Code Ann., Chapter 36–6A. A hearing was held before the Special Master on August 31, 1971. During the course of that hearing, counsel for the plaintiff raised the constitutional issue concerning the necessity for the taking. The Special Master rejected that argument following an evidentiary hearing as to value. On September 2, 1971, the Special Master filed his award and a judgment was entered thereupon by the Burke County Superior Court. On September 10, 1971, the plaintiff filed an answer and appeal to the Superior Court of Burke County. Subsequently, pursuant to motion of the defendant, the Burke County Superior Court entered an order striking the answer in its entirety and all references to constitutional issues in the appeal. The appeal, as limited to the issue of the amount of the award by order of the Burke County Superior Court of April 19, 1972, was tried on August 28, 1972. The judgment of that trial in the amount of Seventy Thousand Dollars ($70,000) was entered on August 29, 1973. Of that amount, the plaintiff herein has accepted Fifty-Five Thousand Seven Hundred Fifty Dollars ($55,750) and Fifteen Thousand Two Hundred Sixty-Nine Dollars and Thirty-four Cents ($15,269.34) remain on deposit with the Clerk of the Superior Court of Burke County for the benefit of the plaintiff.

There was no appeal from this judgment to the Appellate Courts of Georgia.

The plaintiff submits that he states a cause of action under 42 U.S.C. § 1983 because he has been deprived of his right under the Fourteenth Amendment to the United States Constitution to notice and an opportunity to be heard on the constitutional issues raised before the Special Master. The plaintiff complains that his constitutional arguments were foreclosed by the order of the Burke County Superior Court of April 19, 1972, for failure of the plaintiff to except to the findings of the Special Master before entry of judgment thereupon. The plaintiff notes, however, that he was foreclosed from excepting to the

---

value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1343 provides in pertinent part:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress

providing for the protection of civil rights, including the right to vote."

42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. *See* Ga.Code Ann., Title 36, Eminent Domain.

findings of the Special Master because no notice thereof was served upon him before entry of the judgment thereupon. This failure of notice of the findings of the Special Master is arguably violative of the plaintiff's procedural due process rights which, in the proper forum, may subject the statutory procedure utilized by the State of Georgia to Constitutional scrutiny, facially and as applied. The proper forum in this instance, however, should have been the Appellate Courts of Georgia and the failure of the plaintiff to avail himself of his opportunity to challenge the procedure complained of by direct attack operates to bar collateral consideration of the issues upon the familiar doctrine of *res judicata*.

The Fifth Circuit in In Re Constructors of Florida, Inc., 349 F.2d 595, at p. 599 (5 Cir. 1965), considered the doctrine of *res judicata* to embody two main rules which were stated, as follows:

"(1) The final judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to a new action or suit upon the same cause of action either before the same or any other tribunal.

"(2) Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not."

Thus, the *res judicata* inquiry, here, concerns whether the plaintiff was a party to a prior adjudication by a court of competent jurisdiction embodied in a final judgment upon the merits of the claims raised by the pleadings herein. The allegations *sub judice* state the claims that the defendant acted *ultra vires* in the condemnation of the plaintiff's property under color of the law of the State of Georgia and further caused the plaintiff to be denied procedural due process by failing to allow time for service of the Special Master's findings upon the plaintiff before seeking judgment upon said findings. These claims were necessarily disposed of by the state proceedings.

■■ A careful analysis of the state court record fails to reveal any consideration during the state proceedings of the issue as to the defendant's power under Ga.Code Ann., Chapter 36–6A, to condemn the plaintiff's property in fee simple. Such failure, however, cannot prevent operation of the doctrine of *res judicata* in regard to that issue. The rule is well-settled that "The judgment is conclusive, not only as to matters which were decided, but also as to all matters which might have been decided." Clarke v. Redeker, 406 F.2d 883, 885 (8 Cir. 1969). *Accord* Harrison v. Bloomfield Bldg. Industries, Inc., 435 F.2d 1192 (6 Cir. 1970); Rankin v. State of Florida, 418 F.2d 482 (5 Cir. 1969), cert. denied 397 U.S. 1039, 90 S.Ct. 1358, 25 L.Ed.2d 650. The foregoing rule is operative if the two actions are based upon the same cause of action. The cause of action asserted here is the same as asserted in the condemnation action though it was asserted defensively there because of the peculiar procedural nature of such proceedings. In comparing causes of action upon the issue of their identity, guidance is provided by Seaboard Coast Line R.R. v. Gulf Oil Corp., 409 F.2d 879, 881 (5 Cir. 1969):

"The principle test for comparing causes of action is whether or not the primary right and duty, and the delict or wrong are the same in each action."

The right allegedly violated is the same in both actions; *viz.*, the right to own and hold property free from unlawful interference. Similarly, the wrong alleged is identical; that is, the unconstitutional taking of the plaintiff's property. Thus, the court is compelled to conclude that the theory posited for the first time here, that the defendant acted beyond the scope of its statutory

powers in condemning the plaintiff's property, could have been litigated in the first suit. The principle of *res judicata* prevents its being litigated here. *See* Wasoff v. American Automobile Ins. Co., 451 F.2d 767 (5 Cir. 1971).

 The judgment barring this action was rendered by the Superior Court of Burke County on September 2, 1971. The procedure utilized by the defendant in obtaining that judgment is the object of the plaintiff's second claim herein that he has been denied procedural due process. By force of Georgia Law, all legal issues relating to the condemnation under the special statutory procedure established by Ga.Code Ann. Chapter 36–6A must be raised and determined in the Special Master proceeding. "If no exceptions are taken to the Master's findings or no regular appeal taken from the judgment based on his award, the only issue remaining is that of value." Nodvin v. Georgia Power Co., 125 Ga.App. 821, 189 S.E.2d 118 (1972). The remedy for the correction of an adverse finding by the Special Master was perhaps best articulated by the Georgia Court of Appeals in Wiggins v. City of Macon, 120 Ga.App. 197, 199–200, 169 S.E.2d 667, 669 (1969):

> "The question naturally arises as to the remedy available, other than the jury appeal on valuation, for adverse rulings or findings by the special master with regard to such 'other matters material to their rights.' In this regard the statute attempts at the outset to achieve a more perfect conciliation between the parties by providing for the use of experienced, competent attorneys as special masters. But the statute provides that 'his *relation and accountability* to the court shall be that of an *auditor or master in the general practice existing in this State* * * *.' (Emphasis supplied). Code Ann. § 36–606a. Thus his rulings and findings are not immediately final. The statute obviously contemplates that, as with auditors, a special master's rulings and findings may be excepted to in the trial court and disposed of in like manner before any award, which is the end product of the proceeding, is offered to the court and a judgment of taking is entered up based on the award."

The plaintiffs herein alleges, in essence, that the defendant by causing a final judgment to be entered on the same day as the filing of the findings and before notice to the plaintiff of said findings, deprived plaintiff of an opportunity to preserve his Constitutional challenge, and that such action by the defendant has denied him the right to procedural due process of law, guaranteed him by the United States Constitution. This action is said to have been taken under color of law and, therefore, actionable under 42 U.S.C. § 1983.

This is, indeed, an ingenious argument; but its ingenuity will not avail to dispel the bar of *res judicata*.

 The state court's foreclosure of the constitutional issue which the plaintiff sought to raise there is *res judicata* upon the merits of the substantive issue as well as the procedural question concerning the method of entry of judgment. State courts are competent to decide federal constitutional questions and a state court determination upon the merits of such issues is *res judicata* absent an appeal through the state appellate system and ultimately to the United States Supreme Court. The doctrine of *res judicata* is designed to foreclose collateral attack such as is attempted here and to insure the integrity of judgments rendered by courts of competent jurisdiction.

 The landmark case of Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947) was a diversity action for a deficiency arising from the sale of a parcel of Virginia realty upon default of a note secured by a deed of trust. The plaintiff, Bullington, sued the defendant in the latter's State of North Carolina. The action was demurrable, however, upon the basis of a North Carolina statute barring recovery of such deficiency judgments as inter-

preted by the North Carolina Supreme Court. Bullington, rather than seeking review in the United States Supreme Court, filed suit for the deficiency in the district court. Bullington obtained the judgment there and the Fourth Circuit affirmed. The Supreme Court reversed holding the federal action to have been barred by the state judgment upon the doctrine of *res judicata*. Acknowledging that the allowable "limitation of the jurisdiction of the courts" of a state could present an issue of constitutional dimensions cognizable in federal courts, the Court nevertheless felt compelled to accord *res judicata* effect to the North Carolina judgment because the plaintiff, by failing to appeal that judgment to the United States Supreme Court, had allowed the state court to conclusively adjudicate the federal question. The Court noted at pages 189–190, 67 S.Ct. at page 661:

"For the purposes of litigating the issues in controversy in the North Carolina action, the North Carolina Supreme Court was an intermediate tribunal. If a litigant chooses not to continue to assert his rights after an intermediate tribunal has decided against him, he has concluded his litigation as effectively as though he had proceeded through the highest tribunal available to him . . . . . He forewent his right to have a higher court, this Court, enable him to win his chance by holding that he was right and that the North Carolina Supreme Court was wrong. He cannot begin all over again in an action involving the same issues before another forum in the same State."

The absence of a specific ruling in the state court upon the plaintiff's claim concerning his procedural due process rights cannot alter the *res judicata* effect accorded the resolution of this issue. Although the record fails to indicate that the state court specifically ruled upon the issue, a holding adverse to the claim is implicit in the judgment. This concept is explained in *Angel, supra,* at page 190, 67 S.Ct. at page 661:

"The 'merits' of a claim are disposed of when it is refused enforcement. If an asserted federal claim is denied enforcement on a professed local ground, but a so-called local ground which is subject to review here because it is in fact the adjudication of a federal question, then the 'merits' of that claim were adjudicated in the only sense that adjudication of the 'merits' is relevant to the principles of *res judicata*. A State court cannot sterilize federal claims by putting on the adjudication a local label."

*Angel, supra,* read in a vacuum cannot be dispositive of the issue here primarily because of the distinguishable jurisdictional basis. As noted by the *Angel* court at page 192, 67 S.Ct. at page 662:

"Of course, where resort is had to a federal court not on grounds of diversity of citizenship but because a federal right is claimed, the limitations upon the courts of a State do not control a federal court sitting in the State."

Casting the complaint upon a civil rights jurisdictional basis, however, cannot operate to avoid the thrust of *Angel* that conclusively litigated federal questions are *res judicata*. In Mertes v. Mertes, 350 F.Supp. 472 (D.Del.1972), a state divorce action was in issue. For the first time on appeal, the husband challenged a Delaware statute providing for division of property upon the constitutional guarantees of due process and equal protection of the law. The Delaware Supreme Court affirmed the lower court while refusing to reach the constitutional issue because it had not been raised in the lower court. The plaintiff then brought an action in the federal district court basing his complaint upon 42 U.S.C. § 1983. This action was held to be barred by the doctrine of *res judicata* upon the authority of Hilliard v. Commonwealth of Pennsylvania, 308 F.Supp. 756 (W.D.Pa.1970) and *Angel, supra*. The Court further noted that *res judicata* is equally applicable where the action is brought under the Civil Rights Act. *Accord* Bricker v. Crane, 468 F.2d

1228, 1231 (1 Cir. 1972), wherein the court noted:

"In P. I. Enterprises, Inc. v. Cataldo, 457 F.2d 1012 (1 Cir. 1972), this court held that the effects of collateral estoppel cannot be avoided by recasting an adjudicated issue in the form of an action under the Civil Rights. Act. We noted in that decision the well settled principle that state courts are fully empowered to decide federal claims and that '[a] state court decision on constitutional issues is res judicata to the identical suit brought in federal court.' Id. at p. 1014. We reiterate that the Civil Rights Act is not a vehicle for collateral attack upon final state court judgments, Coogan v. Cincinnati Bar Association, 431 F.2d 1209 (6 Cir. 1970) ; Rhodes v. Meyer, 334 F.2d 709, 716 (8 Cir.), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L. Ed.2d 186 (1964), and that a writ of certiorari to the United States Supreme Court is the only method by which a decision may be reviewed."

A case closely analogous to the matter at bar is Hilliard v. Commonwealth of Pennsylvania, *supra*. There the Pennsylvania Game Commission, having failed in negotiations for the purchase of the plaintiff's land for use in a conservation project, condemned in fee the entire property. Preliminary objections to the Declaration of Taking were filed and an opinion was entered sustaining one such objection. Simultaneously with the Court's order, the Game Commission was granted leave to amend the Declaration of Taking in light of the condemnee's sustained objection. Thereafter, an amended Declaration of Taking was filed and the condemnee entered a second set of Preliminary Objections which were constitutional in nature. These were dismissed upon the authority of § 406(c) of the Pennsylvania Eminent Domain Code of 1964, which provides that all preliminary objections must be raised at one time. The condemnees appealed that dismissal order to the Supreme Court of Pennsylvania where the judgment was affirmed *per curiam*. No petition for *certiorari* was filed to the United States Supreme Court but rather an injunctive action was commenced in the district court. The court, noting that "jurisdiction is founded solely upon the alleged existence of numerous questions arising under the Fourteenth Amendment to the United States Constitution" found that it had subject matter jurisdiction upon the allegation that the Game Commission had abused its discretion and acted in bad faith in violation of the constitutional stricture on arbitrariness, capriciousness or bad faith. Nevertheless, the Court dismissed the complaint by reason of the doctrine of *res judicata*. The Court held that the Pennsylvania Eminent Domain Code of 1964 afforded the plaintiffs an opportunity, which had been waived by the plaintiffs' failure to abide by the prescribed procedure, to raise all issues whether constitutional in nature or otherwise. The state procedural ruling was held to be an adjudication on the merits of the substantive constitutional issues on the authority of *Angel, supra*. Furthermore, the court held that the issue raised by the due process challenge to the procedural ruling was cognizable in the state courts on direct attack and in the Supreme Court of the United States on petition for *certiorari*. Thus, such an attack in a federal district court was collateral and conclusively barred by *Angel*.

There is no suggestion in the record *sub judice* that the appellate courts of the State of Georgia were closed to the plaintiff. Thus, the foregoing considerations must be given force here and deference is accorded the conclusive judgment of the state court.[3]

It follows, then, that the defendant's motion treated herein as a motion for summary judgment pursuant to Rule 12(c), Fed.R.Civ.P., is granted.

It is so Ordered.

---

3. *See also*, Holmes v. United States, 353 F.2d 735 (5 Cir. 1965).