**In the Matter of duPONT WALSTON INCORPORATED, f/k/a Walston & Co., Inc., Bankrupt.**

**Claim of Emmy S. BUTTERMAN and Walter Butterman, Claimants.**

**Bankruptcy No. 74–B–344.**

United States Bankruptcy Court, S. D. New York.

April 23, 1981.

Hughes, Hubbard & Reed, New York City, for trustee.

Walter Butterman and Emmy S. Butterman, pro se.

## OPINION

ROY BABITT, Bankruptcy Judge:

In the administration of the estate of this former Chapter XI debtor, now a bankrupt under the relevant provisions of the 1898 Bankruptcy Act,[1] the claimants, Emmy S. Butterman and Walter Butterman, filed a proof of claim on September 20, 1974 against the bankrupt's assets in the amount of $28,623.00. The claim was assigned No. 1252 on the claims register of this court maintained pursuant to Bankruptcy Rule 504(a), 411 U.S. 1055, 93 S.Ct. 3137, 37 L.Ed.2d lx.

The trustee in bankruptcy seeks summary judgment in his favor disallowing this claim. The trustee's motion, pursuant to Rules 306, 914 and 756 of the Bankruptcy Rules, 411 U.S. 1046, 1098 and 1084, 93 S.Ct. 3131, 3170 and 3159, 37 L.Ed.2d lvi, lxxviii and lxxii is based upon his conclusion that said claim is not allowable as a matter of law because (1) it is barred by the principles of *res judicata*, (2) it is time-barred, (3) it is not liquidated as to amount, and (4) it is not based upon a debt which may be proved within the meaning of Section 63(a) of the Bankruptcy Act, 11 U.S.C. (1976 ed.) § 103(a).

The facts upon which this dispute turns are not basically in dispute and may be summarized as follows: claimants maintained two accounts with Walston (the bankrupt) and have consistently maintained here and elsewhere that they lost $28,623.00 through "fraudulent sales practices, churning of the customers accounts, illegal extension of credit, failure to deliver stock certificates to customers, delivery of fraudulent monthly statement of account to customers, etc."[2] Claimants allege that these losses occurred during the period January 14, 1959 to January 28, 1960 or thereabouts, and have furnished this court with various statements and analyses of transactions for this period made by the accounting firm of Arthur Young & Co. in support of their claim.

In 1962 the claimants began their efforts to recover against Walston on the basis of their allegations of misconduct. Late that year they began an action against Walston and the New York Stock Exchange in the United States District Court for the Northern District of Illinois, alleging fraud, misconduct and breach of duty by Walston in connection with claimants' accounts in 1959 and 1960. Following a trial, judgment was entered by that court on December 16, 1966 in favor of claimants against Walston for $313.16, and amount concededly owed to claimants; however, the court found that the claimants were not otherwise entitled to any recovery against Walston. Pursuant to the District Judge's order, Walston deposited the sum of $313.16 with the Clerk of the District Court in satisfaction of the judgment.

Claimants appealed, and the Court of Appeals for the Seventh Circuit affirmed in *Butterman v. Walston & Co., Inc.*, 387 F.2d 822 (7th Cir. 1967). Costs were assessed against the claimants, who then petitioned the United States Supreme Court for a writ of certiorari. This petition was denied on May 20, 1968, 391 U.S. 913, 88 S.Ct. 1806, 20 L.Ed.2d 652, and rehearing was denied on June 17th, 392 U.S. 947, 88 S.Ct. 2280, 20 L.Ed.2d 1412.

In January, 1969 claimants asked the Seventh Circuit Court of Appeals to vacate its judgment affirming the judgment of the

---

1. The petition was filed under Chapter XI of the 1898 Act, Sections 301 *et seq.*, 11 U.S.C. (1976 ed.) §§ 701 *et seq.*, in 1974. The Chapter XI aborted two months later and bankruptcy administration followed. This dispute is, therefore, governed by the provisions of the 1898 Act, Section 403(a) of Title IV of the 1978 bankruptcy legislation. Pub.L. No. 95–598, 92 Stat. 2549, 2683. See *Geiger Enterprises, Inc. v. Official Creditors' Committee of Geiger Enterprises, Inc.*, 635 F.2d 106 (2d Cir. 1980).

2. Claimants' allegations are set out in full detail in their explanatory affidavit attached to their proof of claim, filed with this court on September 20, 1974. Claimants state that their two accounts were numbers 70–04–771–6 and 70–04–771–8, while the trustee has stated that claimants' accounts were numbers 70–04–771–1 and 70–04–771–6. For the purposes of this dispute, the court finds no need to determine which set of accounts is correct, 'if any.

District Court and to recall its mandate, alleging, *inter alia*, that the opinion had been written by an "unconstitutional judge" who was "syndicate controlled", and requesting that Justice Thurgood Marshall appoint three judges from a circuit not adjoining the Seventh Circuit to hear the case. This motion was denied on January 24, 1969. Claimants then petitioned the United States Supreme Court for reconsideration of the denial of their petition for a writ of certiorari, asserting once more that the Seventh Circuit Judge was "a member of the Crime Syndicate" and that their original petition for the writ of certiorari had been denied because of the influence of Justice Fortas, who, claimants alleged, "had an interest in sabotaging our case". This petition was denied on June 9, 1969.

Undaunted, claimants shifted to Wisconsin and commenced an action in a United States District Court there entitled *Walter Butterman and Emmy S. Butterman v. Walston & Co., Inc., et al. and the New York Stock Exchange*, seeking damages of $1 million. This action repeated the same allegations of fraud and other misconduct that had been the subject of the trial and judgment in the earlier case brought in the Northern District of Illinois. In a decision setting forth the history up to that time of claimants' litigation against Walston, District Judge Gordon granted Walston's motion for summary judgment in its favor that the Illinois District Court judgment was an adjudication on the merits of claimants' allegations, and that any further litigation was barred by principles of *res judicata*. Claimants then moved to "vacate, alter or amend" this judgment, a motion denied on May 15, 1970. A further motion by claimants to reopen the proceedings was denied by Judge Gordon on September 3, 1970 as "vexatious" and "without merit".

In or about October, 1970, claimants sought to revive an arbitration proceeding against Walston which they had begun at an earlier date but had discontinued, pending the outcome of this court litigation. On December 4, 1970, the American Arbitration Association declined to entertain the invitation to restore arbitration in view of the prior judicial adjudications.

On or about September 8, 1972, claimants commenced garnishment proceedings against Walston in the United States District Court for the Northern District of Illinois, claiming that Walston remained liable to claimants for $313.16, the amount of the judgment recovered by them on December 16, 1966 in their first action. As Walston had deposited the requisite amount with the Clerk of the District Court some six years earlier, claimants' garnishment proceedings were dismissed on November 1, 1972.

■ On the facts just recounted, it seems clear that this claim is barred by principles of *res judicata*, and therefore it is unnecessary to rule on the other bases for the trustee's motion, save to observe that the claim is grounded in tort and therefore is not a debt which may be proved within the meaning of Section 63(a) of the Bankruptcy Act.

■ It must be noted at the outset that Section 70(c) of the Bankruptcy Act, 11 U.S.C. (1976 ed.) § 110(c), affords the trustee "the benefit of all defenses to the bankrupt as against third persons, including statutes of limitation, statutes of fraud, usury, and other personal defenses; . . . ." It follows, therefore, that if it is determined that *res judicata* is a valid defense available to the bankrupt (Walston) as against these claimants, it is indeed a valid defense available to the trustee as against these claimants.

■ In determining the effect to be given in a bankruptcy dispute to judgments rendered in other courts, bankruptcy tribunals, as others, recognize and apply basic principles of *res judicata*, and if the requisite elements of *res judicata* exist in a dispute before the bankruptcy court, that court is bound by the prior judgment. *Heiser v. Woodruff*, 327 U.S. 726, 736–737, 66 S.Ct. 853, 857–58, 90 L.Ed. 970 (1946). See also 1B *Moore's Federal Practice* ¶ 0.419 [3.–6]; at 3121 (2d ed. 1948).

The requisite elements for the application of *res judicata* are: (1) that there be an identity of parties to the two actions; (2) that the first action culminate in a valid judgment on the merits, and that (3) the same cause of action or issues exist in the two actions. *Rankin v. State of Florida,* 418 F.2d 482, 486 (5th Cir. 1969), *cert. den.* 397 U.S. 1039, 90 S.Ct. 1358, 25 L.Ed.2d 650 (1970). It is clear here that the first element is present, for both claimants and the bankrupt were plaintiffs and defendant respectively in all of the aforementioned cases involving these parties as set forth in the facts recited above. It is equally clear that the December 16, 1966 Illinois judgment is a valid judgment on the merits. A determination on the "merits" has been interpreted by the courts to mean that a decision has been reached after due consideration of the real or substantial grounds of the action or the defense as distinguished from considerations of practice, procedure, jurisdiction or form. *Cleggs v. United States,* 112 F.2d 886, 887 (10th Cir. 1940). It must be noted that the Illinois court's judgment was based upon careful consideration of the substance of the action and that the issue was decided on its merits.

Finally, the allegations that have been the basis of claimants' various legal actions against Walston in the past are identical in every respect to the allegations supporting their claim here. These stale allegations have been thoroughly disposed of by competent tribunals over nearly two decades and thus provide no basis for their relitigation here even though presented as a claim in a bankruptcy.

Therefore, since this claim is not allowable in that it is barred by principles of *res judicata,* the trustee's objection to it is sustained and the claim is stricken.

Settle an order on five days notice to the claimants.