### In re Vinicio RAMIREZ, Debtor.

#### Vinicio Ramirez, Plaintiff,

v.

**NYCTL 1996–1 Trust and the Bank of New York, as Collateral Agent and Custodian for the NYCTL 1996–1 Trust, NYCTL 1997–1 Trust and the Bank of New York, as Collateral Agent and Custodian for the NYCTL 1997–1 Trust, NYCTL 1998–1 and the Bank of New York, NYCTL 1998–2 and the Bank of New York, as Collateral Agent and Custodian for the NYCTL 1998–2 Trust, Defendants.**

**Bankruptcy No. 01–41044.**
**Adversary No. 01–3344.**

United States Bankruptcy Court,
S.D. New York.

Sept. 19, 2002.

Genova & Malin, Wappingers Falls, NY, for Debtor/Plaintiff, By Andrea B. Malin.

Buchanan Ingersoll P.C., New York City, for Defendants, By Susan P. Persichilli.

### MEMORANDUM DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CORNELIUS BLACKSHEAR, Bankruptcy Judge.

This is the Debtor's fourth filing under Chapter 13 of the Bankruptcy Code. The Debtor filed his first petition on June 3, 1997. The Debtor voluntarily dismissed that case and filed a subsequent case on February 11, 1998 that was dismissed voluntarily approximately five (5) months later.

On March 3, 1999 the Debtor filed his third petition (case no. 99–41307). During the pendency of the Debtor's third case, the Debtor filed a Motion, pursuant to section 502(b), for an Order disallowing certain claims filed by the City of New York, J.E. Robert Companies and the Bank of New York (referred to collectively as the "Defendants"). The Court found that the Debtor's Motion was procedurally defective because Bankruptcy Rule 7001 requires an adversary proceeding to be brought to obtain the relief requested by the Debtor. Consistent with this finding, the Court deemed the Debtor's pleadings and the Defendants' responses, a Com-plaint and Answer respectively. Consequent, the Defendants filed a Summary Judgment Motion. Although the Debtor filed an Affirmation in response to Defendants' Motion, the Debtor failed to appear at the scheduled hearing resulting in a default judgment in favor of the Defendants. On February 9, 2000 the Court entered an Order that granted the Defendants' Summary Judgment Motion in its entirety and determined the aggregate amount of the City's tax liens to be $142,551.90 together with continually accruing interest thereon at the City's statutory rate.

The Debtor did not appeal the February 9th Order. The Debtor did not move to vacate the Order. Nor did the Debtor make a Motion for Re–Argument or Re–Consideration pursuant to Local Rule 9023–1. Rather, the Debtor moved pursuant to section 506(a) and 506(d) of the Bankruptcy Code to reclassify and bifurcate the claims. The Defendants' filed a timely response. In lieu of filing a reply, the Debtor moved to have his case voluntarily dismissed. An Order dismissing the Debtor's case was entered without prejudice on October 10, 2000.

After waiting approximately six (6) months, the Debtor filed a fourth petition under Chapter 13 of the Bankruptcy Code. The current defendants, the Bank of New York as Collateral Agent of various New York City tax lien trusts and each of the Trusts (collectively referred to as the "Movant"), filed four (4) claims against the Debtor's estate in the total sum of $187,483.72 together with statutory interest thereon and legal fees. The Debtor filed the instant adversary proceeding seeking to expunge and reduce the Movant's claims (the same claims that were the subject of this Court's February 9, 2000 Order). After the Debtor amended his complaint, and then corrected his amended

complaint, the Movant filed an answer and subsequently moved for summary judgment on grounds that the doctrines of *res judicata*, waiver and laches bar the Debtor from re-litigating the amount of the Movant's claims.

The Debtor counters the Movant's Motion for Summary Judgment and its argument that *res judicata* bars his current claims by arguing that *res judicata* does not apply in this instance. In support of this contention, the Debtor argues that there has been no final judgment rendered on the merits because section 349 of the Bankruptcy Code restores the parties to their original position by undoing the bankruptcy case. The Debtor goes on to postulate that although section 502 is not enumerated in section 349, Congress did not intend to limit the section's applicability to only those sections that are listed.

In light of the facts detailed above and after considering all of the pleadings filed in support of, and in opposition to the underlying Summary Judgment Motion, the Court finds that the Debtor's objections are without merit, that the principles of *res judicata* apply to bar the Debtor's claim and therefore it is proper to grant the Movant's Motion for Summary Judgment.

## DISCUSSION

A court shall grant a motion for summary judgment made pursuant to Federal Rule of Civil Procedure 56 if the Court, viewing the record in a light most favorable to the nonmoving party, determines that the evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), *Pension Benefit Guar. Corp. v. LTV Corp.*, 875 F.2d 1008, 1015 (2d Cir.1989) *rev'd on other grounds*, 496 U.S. 633, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990). In

making its determination, the Court must reach a conclusion as to whether there exists "a genuine and material issue for trial." *Hudson Hotels Corp. v. Choice Hotels Int'l*, 995 F.2d 1173, 1175 (2d Cir. 1993). A fact is "material" if it "might affect the outcome of the suit under governing law." *In re Deltacorp, Inc.*, 179 B.R. 773, 780 quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if it provides a basis for a "rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In the event that the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings by presenting affirmative evidence that establishes that a genuine issue for trial exists.

The Debtor has not asserted that there are any material facts in dispute.

### Res judicata

In its present Motion, the Movant relies upon the doctrine of *res judicata* arguing that the Debtor has again moved pursuant to section 502(b) in an attempt to have this Court disallow the Movant's claim. The prerequisites to the application of the doctrine of *res judicata* are: (1) the existence of a final judgment rendered on the merits, (2) a subsequent action between the same parties or those in privity with them, and (3) the presence of the same claim or demand. *In re duPont Walston Inc.*, 10 B.R. 714, 717 (Bankr. S.D.N.Y.1981). Additionally, the Second Circuit, in delineating the factors to be considered in determining the preclusive scope of a prior judgment, has held that a court must determine if the "same transaction [ ] is at issue, whether the same evidence is needed to support both claims, and *whether the facts essential to the sec-*

*ond were present in the first."* NLRB v. United Technologies Corp., 706 F.2d 1254, 1260 (2d Cir.1983) (emphasis added). Therefore it is not dispositive that the two proceedings involved the same parties, similar or overlapping facts, and similar legal issues. Preclusive effect is given to a judgment where the same evidence is needed to support both claims and where facts essential to the second were present in the first.

The Debtor readily admits that the second requirement—that this is a subsequent action between the same parties—exists. However, the Debtor refutes the existence of the other two requirements.

### Finality of the Prior Judgment

#### a. Section 349

■ As to the first element of the doctrine, which requires the existence of a final judgment rendered on the merits, the Debtor argues that section 349, having restored the parties to their original positions, has vacated this Court's prior Order.

Section 349 covers the topic of the effect of a dismissal in three parts. The Debtor does not specify which part of the section he relies upon, but rather alludes to part (b)(2) of the section which provides that a dismissal of a case vacates any order, judgment, or transfer order under section 522(i)(1), 542, 550 or 553. To be sure, section 502 is not mentioned at all in section 349 and although section 506(d) is mentioned in 349(b)(1)(C), it is inapplicable because this Court's prior Order did not void any lien. The Debtor intends to overcome this hurdle by arguing that Congress did not intend to limit section 349 to those enumerated sections. This Court finds the Debtor's argument is unsupported and unsound.

Upon reading the Legislative History and Comment to sections 349(a) and (b), the Court does not find that the legislature was attempting to undo the bankruptcy case in its entirety thereby eliminating the application of the doctrine of *res judicata* to all claims and all matters decided prior to dismissal. Rather, the Legislature wanted to return all of the parties to their original positions in terms of property rights held prior to the commencement of the case. Hence, if a party had a lien and that lien was vacated prior to dismissal, it would be reinstated pursuant to section 349(b). Likewise, if a party received a transfer that was avoided prior to dismissal, the transfer would be reinstated under section 349(b) thereby *returning* both parties to their original position. The scheme is logical. If a party fails to await the completion of a bankruptcy case he or she should not benefit from litigation pursued under the auspice of the Bankruptcy Code and walk away with one less lien or with transfers that had, prior to a ruling of a bankruptcy court, been made without a qualm.

■ The purpose of section 349 is to restore the respective parties' property rights to the pre-bankruptcy *status quo* and its application is quite narrow. *See In re BSL Operating Corp. v. 125 East Taverns, Inc.,* 57 B.R. 945, 952 (Bankr. S.D.N.Y.1986). An Order issued under section 502(b) that affirms a creditor's claim, a claim that the Debtor was aware of and that existed prior to the commencement of the bankruptcy case, is not inconsistent with the purpose of section 349. Although the Court recognizes the flexibility inherent in section 349, it must be given effect in such a way as to prevent creditors from being held in limbo by repeat filings. Hence, any motion made by a debtor pursuant to section 502(b) against the same claim and the same creditor, which was ruled upon in a previous bankruptcy case filed by that debtor, is ripe for

preclusion under the doctrine of *res judicata*.

### b. The Default Judgment

██ The fact that the Order issued in the Debtor's previous filing was entered by way of default has no effect on the finality of that Order. Default judgments must be given *res judicata* effect. *Saud v. The Bank of New York*, 929 F.2d 916, 919 (2d Cir.1991) (stating that " '[a] judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default' ") *quoting Morris v. Jones*, 329 U.S. 545, 550–51, 67 S.Ct. 451, 91 L.Ed. 488 (1947). *Res judicata* does not refer to the quantity of argument or evidence offered in the prior action, it only requires that the parties have raised the issue in pleadings or otherwise, and that the losing party has had the opportunity to "procedurally, substantively and evidentially" contest the issue. *Eisel v. Columbia Packing Co.*, 181 F.Supp. 298, 301 (D.Mass.1960).

In the prior case, the parties effectively raised all of the issues present in the instant matter. The Debtor filed an Objection to the tax lien claims wherein he argued, *inter alia*, that the claims should be disallowed to the extent that the claims exceed the actual value of the bankruptcy estate's interest in the subject property. The facts relevant to the Debtor's Objection are the dollar amount of the claims, the status of the claims as secured or unsecured, and the value of the real property securing the claims.

The Defendants filed a Response to the Debtor's Objection addressing all of the Debtor's objections. Ultimately, the Defendants filed a Motion for Summary Judgment. In their moving papers, the Defendants addressed §§ 502(b)(1), (2) and (3). Additionally, the City asserted that the security, in this case real property, is sufficient to cover both principal and interest. The Debtor, despite offering an assessed value, never refuted this assertion.

### Presence of the Same Claim

The third element of *res judicata* requires the presence of the same claim or demand. Although, in the current case the Debtor moved pursuant to section 502(b) and sections 506(a) and (d), the Motion presents arguments and evidence consistent with that previously submitted. In the instant case, the Debtor's complaint seeks to have the Movant's claims either voided, or expunged, or bifurcated. This Court has already issued an Order under 502(b) allowing the claims as secured in their entirety. Under the doctrine of *res judicata*, this Court cannot revisit the issue of whether the Movant's claims should be secured in part and unsecured in part.

If the Debtor thought that he had viable proof to have a portion of the Movant's claims expunged or voided to the extent that they exceed the value of the property, he would have fully developed this argument by providing proof of the appraised value of the property in the initial motion. The Debtor cannot simply bypass issues of claim preclusion by merely inserting an additional section of the Bankruptcy Code to the caption of his motion. It is in this regard that the doctrine of *res judicata* differs significantly from the doctrine of collateral estoppel.

██ *Res judicata*, also referred to as claim preclusion, forecloses *all that might have been litigated previously*, while collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (stating that *res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously

available to the parties, regardless of whether they were asserted or determined in the prior proceeding). *See also Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Central Hudson Gas & Elec. Co. v. Empresa Naviera Santa S.A.,* 56 F.3d 359, 366 (2d Cir.1995) (explaining that *res judicata* bars matters that were "offered and received to sustain or defeat [a] claim or demand [as well as any] other admissible matter which might have been offered for that purpose"). "The doctrine extinguishes claims even when a plaintiff is prepared to 'present evidence or grounds or theories of the case not presented in the first action' or to 'seek remedies or forms of relief not demanded in the first action.'" *Fink v. Magner, et al.,* 988 F.Supp. 74, 81 (D.Conn.1997) *citing* Restatement (Second) Judgments § 25.

This Court finds that each of the elements of *res judicata* has been met. The Debtor is attempting to disallow the same claims filed by the same creditor against the same property pursuant to the same theory—namely that to the extent that the creditor's claim exceeds the value of the property it should be disallowed—and is relying on the same set of facts. The Debtor had to prove the value of the property the first time he sought disallowance during the third bankruptcy case, but he failed to do so and is attempting to do so now. In his prior Motion, the Debtor offered evidence of the assessed value of the property, although at the time he recognized that assessed value is not the best indicator of the actual value of property. The Debtor failed to present evidence of the property's appraised value despite the opportunity to do so. However, if the debtor is correct as to the value of the property being less than the amount of the claim, he should turn the property over to the City. He should not however, dismiss his case and continue to re-file hoping for a different outcome.

This Court recognizes that under the doctrine of collateral estoppel, a different conclusion may be reached for that doctrine bears another set of requirements. But as *res judicata* is the doctrine in play, the Debtor is barred from continuing the herein adversary proceeding because he is presenting facts and raising issues that have been raised previously, and that were surely recognized and available to the Debtor to have been litigated under his previous Motion.

## CONCLUSION

This Court would like to highlight a resonant fact. The Debtor involved in the instant case has filed for Chapter 13 protection four (4) times. From a review of the Debtor's filing history, it appears that when the Debtor perceives unfavorable conditions on the horizon, he voluntarily dismisses his cases with hopes of returning to the proverbial plate to take another swing at the ball. The proper procedure is not voluntary dismissal and subsequent repeat filings, but rather, a Debtor in receipt of a ruling that is disagreeable should file a motion for reconsideration or possibly an appeal. If negotiations with Creditors are not fruitful, he should file an appropriate motion seeking the appropriate relief. Under his current scheme however, the Debtor is holding the City of New York in limbo and walking a fine line between a good faith request for a fresh start and abuse of the bankruptcy system.

In the presence of the Debtor's filing pattern, the existence in this case of the same "nucleus of operative facts" as those which existed in his prior adversary proceeding, and the fulfillment of all of the proper standards, this Court finds that *res judicata* precludes the Debtor from proceeding with his current adversary pro-

ceeding. Therefore, it is not necessary for the Court to consider the Movant's arguments of waiver and laches. The Movant's Motion for Summary Judgment is granted. The Movant is directed to settle an Order consistent with the Court's reasoning on five (5) days notice.