334 So.2d 626 (1976)
ENGLEWOOD WATER DISTRICT, a Political Subdivision of the State of Florida, Appellant,
v.
J.D. TATE et al., Appellees.
No. 74-1437.
District Court of Appeal of Florida, Second District.
July 9, 1976.
*627 Robert A. Dickinson and Glenn W. Phipps, Jr., Dickinson & Phipps, Englewood, for appellant.
I.W. Whitesell, Jr. Wood, Whitesell & Karp, Sarasota, for appellees.
HOBSON, Judge.
Appellant, hereinafter referred to as Englewood, appeals a final declaratory judgment construing the powers of Englewood under Chapter 59-931, Laws of Florida. The two pertinent sections of Chapter 59-931 are:
"Section 4. The district by and through the board, is hereby authorized and empowered:
* * * * * *
(e) To regulate the use of sewers and the supply of water within the district and to prohibit the use and maintenance of out-houses, privies, septic tanks or other unsanitary structures or appliances, provided, however, that such authority and power shall have been approved at an election of the qualified electors residing in said district, called for the specific purpose of obtaining such approval, such election to be held in accordance with the general laws of the state of Florida."
* * * * * *
"Section 25. No sewage disposal plant or other facilities for the collection and treatment of sewage, or any water treatment plant or other facilities for the supply and distribution of water, shall be constructed within the district unless the board shall give its consent thereto and approve the plans and specifications therefor; subject, however, to the terms and provisions of any resolution authorizing any bonds and agreements with bondholders."
It is conceded that the election under Section 4(e) was not held. It is also conceded that the election required by the act to ratify Chapter 59-931 was held and the act was ratified.
The trial court held that the construction of a sewage disposal plant falls under the power to regulate the use of sewers granted under Section 4(e) and since an election was not held under Section 4(e), Englewood had no powers under Section 25.
Englewood contends that Section 4(e) and Section 25 are clear and unambiguous and do not conflict with one another. Englewood reasons that under Section 4(e) there are two powers granted it: 1) to regulate the use of sewers and the supply of water within the district, and 2) to prohibit the use and maintenance of outhouses, privies, septic tanks or other unsanitary *628 structures or appliances. It further reasons that the election called for under Section 4(e) applies only to the second power to prohibit and that the ratification of the act gave it the power to regulate the use of sewers and the supply of water without an election under Section 4(e). Englewood also contends that the ratification of the act granted it all powers under Section 25.
It is well settled that in construing a statute the court should consider its history, evil to be corrected, the intention of the law-making body, subject regulated and the object to be obtained. Smith v. Ryan, Fla. 1949, 39 So.2d 281. It is also a rule of statutory construction that it is the duty of the court to examine the statute as a whole in order to determine its meaning and if the intent of the legislature is clear and unmistakable from the language used, it is the court's duty to give effect to that intent. Rules of statutory construction should be used only in case of doubt and should never be used to create doubt, only to remove it. State v. Egan, Fla. 1973, 287 So.2d 1, and Scenic Hills Utility Company v. City of Pensacola, Fla.App.1st 1963, 156 So.2d 874. It was held in State v. Sullivan, 1928, 95 Fla. 191, 116 So. 255, at page 261:
"... In statutory construction legislative intent is the pole star by which we must be guided, and this intent must be given effect even though it may appear to contradict the strict letter of the statute and well-settled canons of construction. The primary purpose designated should determine the force and effect of the words used in the act, and no literal interpretation should be given that lends to an unreasonable or ridiculous conclusion or a purpose not designed by the lawmakers."
Considering all of the elements set forth above, and particularly the intention of the legislature, we hold that upon ratification of the act Englewood was granted the powers to require its consent and approval of the plans and specifications for the construction of a sewage disposal plant under Section 25 of the act. It also was granted upon ratification of the act the power to regulate the use of sewers and the supply of water within its district under Section 4(e) of the act without approval at a separate election of the qualified electors residing in the district, called for the specific purpose of obtaining such approval. This election as set forth in Section 4(e) applies only to the second power of Englewood to prohibit the use and maintenance of out-houses, privies, septic tanks or other unsanitary structures or appliances. Therefore, for the foregoing reasons the final declaratory judgment is
REVERSED.
McNULTY, C.J., and BOARDMAN, J., concur.