R. B. Burroughs, Jr. Secretary Department of Business Regulation Tallahassee
QUESTIONS:
1. May a condominium be validly conveyed prior to its completion, and, if so, must it be at least `substantially completed' prior to being conveyed?
2. By what requirements, standards, or limitations is a developer bound when he seeks to convey an interest in a condominium?
SUMMARY:
A condominium may be validly conveyed to a purchaser with no restraints, limitations, or restrictions upon closing prior to completion other than the requirements concerning contents of the condominium declaration and deposit of payments by the buyer being placed in escrow until the condominium property is substantially completed. The developer of a condominium is not bound by any requirements, standards, or limitations in conveying an interest in a condominium; such developer is not required to have a surveyor's certificate attached to the declaration certifying that the condominium is substantially completed at the time of conveyance, since the Legislature in 1978 struck out that requirement.
AS TO QUESTION 1:
Your question apparently arises from the following factual situation. Section 718.104(2) and (4), F. S., requires the recording of a declaration in order to create a condominium. Section 718.104(4)(e), prior to the passage of Ch. 78-340, Laws of Florida, which effected various changes in Ch. 718, F. S., provided that, if construction of a condominium was not `substantially completed' when the declaration was recorded, the declaration must state that fact; the statute also required that, upon `substantial completion,' the declaration must be amended to include a certificate of a surveyor to that effect `in order to have a validly created condominium for conveyancing purposes.' The last-quoted language was repealed by omission by s. 7, Ch. 78-340.
Whenever an amendatory act purports to set out the original section (or subsection) as amended, all matters in the section (or subsection) that are omitted in the amendatory act are considered to be repealed. See, e.g., AGO 071-395 and citations therein; 1 Sutherland Statutory Construction, 3rd Ed. s. 1932; and State exrel. McQuaid v. Co. Comm. of Duval Co., 3 So. 193 (Fla. 1887). Accordingly, the provision, as amended, continues to require the statement when a condominium is not substantially completed and still requires an amendment to the declaration when it has become substantially completed. The difference is that the 1978 statute does not, by its express terms, require such an amendment `inorder to have a validly created condominium for conveyancingpurposes.' Your question is whether `substantial completion' is nonetheless still required before a condominium can be validly conveyed.
When the Legislature amends a statute, it is presumed not to have done a useless act. Rather it is presumed that, by amending a statute, the Legislature intended to effect some change in the existing law and to serve a useful purpose by the amendment. Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962), and Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968). The Legislature, in making material changes in the language of a statute, is presumed to have intended some objective or alteration of law, unless a contrary intent is clear from all other enactments on the subject. Swartz v. State, 316 So.2d 618 (1 D.C.A. Fla., 1975). The wisdom of, or the need for, any such changes is a legislative prerogative and is of no concern to the constructionist. Cf. Tyson v. Lanier, 156 So.2d 833 (Fla. 1963); Adams v. Sutton, 212 So.2d 1 (Fla. 1968); Greater Loretta Improvement Assn. v. Boone, 234 So.2d 665 (Fla. 1970); McDonald v. Roland, 65 So.2d 12 (Fla. 1953); and Englewood Water District v. Tate, 334 So.2d 626 (2 D.C.A. Fla., 1976).
With these rules of statutory construction in mind, the question to be decided is essentially whether, by repealing by omission the language expressly providing that as a requisite to having a `validly created condominium for conveyancing purposes' certain conditions had to be met, the Legislature intended to vitiate such requirements before conveyancing could occur or whether it intended its repeal to be of no legal consequence or to have no material effect. I conclude that, while the Legislature retained the requirement for an amendment to the declaration upon substantial completion, the amendment is no longer a requisite to having `a validly created condominium for conveyancing purposes.' My conclusion is based upon the presumption set forth above that the Legislature intended its repeal to have some effect on existing law and upon the lack of any clear showing of a contrary intent in other statutory provisions on the subject.
Chapter 718, F. S., is known as the `Condominium Act.' Section718.101. The purposes of the act are to statutorily recognize the condominium form of ownership and to set forth the procedures for creation, sale, and operation of condominiums. The act specifies that every condominium created in Florida is subject to its provisions. Section 718.102. A condominium is a form of ownership of real property which is comprised of units that may be owned by one or more persons and in which each unit has appurtenant to it an undivided share in common elements. A unit is that part of a condominium subject to exclusive ownership while the common elements are those parts of the condominium property not subject to exclusive ownership but which are commonly owned. A condominium parcel is a unit, together with the undivided share in the common elements appurtenant thereto. One who creates a condominium or offers condominium parcels for sale (other than an owner or lessee of a unit who has acquired such unit for his own occupancy) is a developer. Section 718.103(6), (9), (10), (12), (13), and (16).
A condominium is created by recording in the public records of the county where the land is located a `declaration of condominium' executed and acknowledged with the requirements for a deed. This declaration may be amended from time to time. Sections 718.104(2) and 718.103(12), F. S. The declarations must contain or provide for such matters as a statement submitting the property to condominium ownership; the name by which the condominium is to be identified; a legal description of the land and identification of each unit by letter, number, or combination thereof; a survey of the land; a graphic description of the improvements in which units are located with a plot plan thereof so that, together with the declaration, there is sufficient detail to identify the common elements and each unit and the relative locations and approximate dimensions thereof (these items may be in the form of exhibits consisting of building plans, floor plans, maps, surveys, or sketches); each unit's undivided share in (and its proportion of shared expenses to maintain) the common elements, stated as percentages or fractions; the name of the condominium association; the unit owner's membership and voting rights in the association; a copy of the bylaws; and provisions for easements for ingress and egress.
It is also required, upon substantial completion of construction, that the recorded declaration be amended to include, or that there be attached to the declaration or the recorded survey or graphic description, a certificate of a surveyor authorized to practice in this state that the construction of the improvements is substantially complete such that the material, together with the provisions of the declaration describing the condominium property, is an accurate representation of the location and dimensions of the improvements, and that the identification, locations, and dimensions of the common elements and of each unit can be determined from these materials. Section 718.104(4), F. S. If the condominium is not substantially completed when the declaration is originally recorded, a statement to that effect must be included in the declaration. Upon substantial completion, the declaration must be amended to include the aforementioned surveyor's certificate. The amendment may be accomplished by referring to the recording data of a survey of the condominium which complies with the certificate. Section 718.104(4)(e).
The declaration, together with all exhibits and amendments thereto, may be recorded as an agreement relating to the conveyance of land. Graphic descriptions of improvements constituting exhibits to a declaration may be recorded as a part of the declaration without approval of any public body or officer, when accompanied by the surveyor's certificate. Section 718.105(1) and (2), F. S. There is, however, no requirement that there be such a surveyor's certificate at the time of recording the declaration or that a declaration which states that the condominium is not substantially completed be amended to include the required certificate prior to its recordation. Indeed, s.718.105(4) states that, in the event no surveyor's certificate is attached to the declaration or the survey or graphic description, the developer shall deliver to the clerk an estimate of the cost of a final survey or graphic description containing and complying with the certificate prescribed by s. 718.104(4)(e), F. S., and shall deposit with the clerk the estimated sum of money to cover the cost thereof. When an amendment is recorded that complies with the certificate requirements, the clerk shall repay to the developer the sum of money deposited with him. It is, therefore, clear that recording of the declaration may be accomplished without the certificate, and the certificate may be added at a later time as an amendment to the declaration.
Section 718.109, F. S., provides that, following the recording of the declaration, a description of a condominium parcel by the number or designation by which the unit is identified in the declaration, together with the recording data identifying the declaration, `shall be sufficient legal description for allpurposes.' (Emphasis supplied.) The phrase `for all purposes' would evidently include conveyancing purposes.
Section 718.202, F. S., impliedly authorizes the developer to sell condominium parcels at any time prior to completion, or even substantial completion. Subsection (1) provides that, if a developer contracts to sell a condominium parcel prior to substantial completion in accordance with the plans, specifications, and representations made by the developer in the disclosure required by Ch. 718, he must pay into an escrow account all payments up to 10 percent of the sale price received from the buyer towards the sale price. This percentage figure presumably represents an earnest money deposit or down payment on the parcel. It can be paid out only under the following conditions: To the buyer with interest if he properly terminates the contract; to the developer with interest if the buyer defaults in the performance of his obligations under the contract of purchase and sale; or to the developer at the closing of the transaction absent a dispute between the developer and buyer. Subsection (2) concerns payments by the buyer in excess of 10 percent of the sale price prior to completion (not substantial completion) of the construction by the developer. Such funds must be placed in escrow and may not be used by the developer prior to closing the transaction unless the contract for sale authorizes him to use them for actual construction and development of the condominium property in which the unit to be sold is located. While s. 718.202 imposes certain requirements on a developer who sells prior to completion of construction of a condominium, it does not prohibit such sale or in any way limit a developer's ability to convey an interest in the property prior to such completion.
Reading together s. 718.105, F. S., providing that a declaration of condominium, together with all exhibits and all amendments, is `entitled to recordation as an agreement relating to the conveyance of land,' s. 718.109, F. S., providing that the description of the property contained in the declaration constitutes a sufficient legal description `for all purposes,' and s. 718.202(2) and (3), F. S., providing a method of handling payments of over 10 percent of the purchase price received `prior to completion,' I conclude that the developer may close the transaction prior to completion of the condominium. My analysis of the statute applying to condominiums shows no restraints, limitations, or restrictions upon closing prior to completion other than the requirements set forth in s. 718.104, F. S., concerning contents of the condominium declaration and s. 718.202, concerning sales deposits prior to closing. (However, your attention is drawn to s. 718.502, F. S., et seq., concerning certain disclosure requirements prior to sale of a condominium.) Indeed, the Legislature, by Ch. 78-340, Laws of Florida, struck the only restraint that appears to have previously existed, i.e., the requirements of the surveyor's certificate `in order to have a validly created condominium for conveyancing purposes.'
Incidentally, the term `conveyance' connotes the actual delivery of a deed; accordingly, the term `closing the transaction' is not necessarily synonymous, although the closing is a part of the conveyancing process. However, the difference is not germane to this opinion, since Ch. 718, F. S., does not appear to me to place any restraints upon the developer in the selling, closing on, or conveying of condominium parcels prior to their completion, other than those specifically contained in ss. 718.104 and 718.202.
AS TO QUESTION 2:
Your second question asks what requirements, standards, or limitations bind a developer who seeks to convey an interest in a condominium other than the requirements for filing the data specified in s. 718.104, F. S., and the requirements concerning escrow deposits in s. 718.202, F. S. As noted above, I find no restrictions upon conveying a condominium other than those specified in ss. 718.104 and 718.202. See also s. 718.502, F. S.,et seq. Specifically, I find no express restraint upon a developer's conveying a condominium or condominium parcel,regardless of its state of completion, so long as the requirements of Ch. 718, F. S., are otherwise met. Moreover, it does not appear to me that such a restraint can be implied, especially since the Legislature repealed the only express restraint by virtue of Ch. 78-340, Laws of Florida.
You also inquire as to whether the division may by rule establish a definition of `substantial completion.' I call your attention to s. 718.501(1)(d), F. S., which grants the division the authority to `promulgate rules and regulations, pursuant to chapter 120, necessary to implement, enforce, and interpret this chapter.' Accordingly, the division would be empowered to adopt rules interpreting terms used in the chapter. However, I must point out that such rules may not alter the provisions of the statute or impose requirements not authorized by the Legislature. See, e.g., Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); Florida Growers Coop. v. Department of Revenue, 273 So.2d 142 (1 D.C.A. Fla., 1973); and Lewis v. Florida State Board of Health,143 So.2d 867 (1 D.C.A. Fla., 1962). These cases hold that `where a regulatory body is created by statute and endowed with the authority to promulgate rules and regulations to carry into effect the statutory provisions, the rules and regulations must be consistent with those provisions and must not amend those provisions. . . .' Florida Growers Coop., supra. I note these principles to indicate that, while you may have authority to define the term `substantial completion' by rule, it is questionable whether such completion can by rule be made a requisite to `conveyancing.' This office cannot make a determination on this question, however, since the final determination *4188 rests with the Joint Legislative Administrative Procedure Committee, ss. 120.545 and 11.60, F. S., which reviews all agency rules for the purpose of determining whether such rules are within the statutory authority upon which they are based, and the committee has legal standing to seek review by the courts of the validity or invalidity of any rule to which it has voted an objection and on which the affected agency has not acted properly to meet the objection.
In summary, I conclude that a condominium developer is not required to have a surveyor's certificate included in, or attached to, the declaration of the condominium or the survey or graphic description of the improvements in which units are located certifying that the condominium is substantially completed `in order to have a validly created condominium for conveyancing purposes,' since the Legislature by Ch. 78-340, Laws of Florida, struck that requirement as a requisite thereto. The only restrictions upon the developer's ability to convey appear to be those requirements set forth is ss. 718.104 and 718.202, F. S. Chapter 718, F. S., does not appear to place any additional restrictions upon conveyancing. The Division of Florida Land Sales and Condominiums may adopt, by rule, a definition of `substantial completion,' but only in accordance with, and consistent with, the provisions of Chs. 120 and 718, F. S., subject to review by the Joint Legislative Administrative Procedure Committee, including review in the courts of the validity or invalidity of any such rule, as provided in ss. 11.60 and 120.545, F. S.
Prepared by:
Frank A. Vickory Assistant Attorney General