474 So.2d 861 (1985)
Joseph BARRUZZA, Appellant,
v.
SUDDATH VAN LINES, INC., Appellee.
No. BC-321.
District Court of Appeal of Florida, First District.
August 14, 1985.
Rehearing Denied September 19, 1985.
*862 John F. Wilhelm, Orlando, for appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellee.
JOANOS, Judge.
In this workers' compensation case the claimant seeks to invoke the certiorari jurisdiction of this court pursuant to Florida Rules of Appellate Procedure 9.030(b)(2)(A) and 9.100, for review of the deputy commissioner's order denying claimant a hearing on his petition for modification. Claimant argues that the deputy commissioner erred in denying claimant a hearing on the merits of his claim until such time as the claimant authorized "release of information from the Social Security Administration and/or the Unemployment Compensation Division." We grant, in part, the relief sought.
The injury from which this proceeding arose occurred on June 21, 1978, when claimant injured his foot in a fall on a grease pit at the employer's premises. On August 5, 1982, the claimant petitioned for a modification of an August 27, 1981, compensation order, on the ground that his condition had worsened and his disability rating had increased since entry of the prior compensation order.
On September 15, 1982, the employer took claimant's deposition. Claimant stated that he became 65 in August 1981, and thereafter he began receiving Social Security benefits in the amount of $500 a month. *863 According to claimant, the employer laid him off from his job in April 1981, after suggesting to claimant that he retire. The claimant maintains he has had no income other than his Social Security Old-Age benefits since his April 1981 lay-off.
On October 18, 1983, the employer filed a motion for an order directing claimant to undergo an independent medical examination. The independent medical examination revealed evidence that claimant has hammertoe deformities of his left foot and arthralgia of the left knee.
In an order dated August 22, 1984, the deputy commissioner found that claimant had "wilfully failed and refused to authorize the release of information from the Social Security Administration and/or the Unemployment Compensation Division, in accordance with Florida Statute 440.15(9)(c)."[1] The deputy commissioner continued the hearing on claimant's petition to modify until such time as the claimant complied with the statutory provisions.
Claimant maintains the information which the employer has demanded relates only to disability benefits, rather than to the old age retirement benefits which claimant has been receiving since 1981. Claimant further urges that the Section 440.15(9)(a)[2] disability offset provisions do not apply to any benefits due after the worker reaches age 62. According to claimant he was 68 years of age at the time the deputy commissioner's order was entered, so the employer would not have been entitled to an offset under Section 440.15(9)(a), even if the benefits claimant was receiving had been disability benefits.
The claimant asserts that the employer has made a demand for information which is, in effect, immaterial to the claimant's petition for modification. We agree, and find that in light of the limiting language contained in the final sentence of Section 440.15(9)(a), the deputy commissioner's reliance on the mandatory language of Section 440.15(9)(c),[3] is misplaced.
*864 The starting point in statutory analysis is, of course, the language of the statute. Where the language used by the legislature makes clear the legislative intent, it is incumbent upon the courts to give effect to that intent. Citizens of the State v. Public Service Commission, 425 So.2d 534 (Fla. 1982); Englewood Water District v. Tate, 334 So.2d 626 (Fla. 2d DCA 1976). Thus, in those instances "where the language of a statute clearly limits the application to a particular class of cases, leaving no room for doubts as to the meaning of the legislature, the statute may not be enlarged or expanded to cover cases not falling within its provisions." 49 Fla.Jur.2d, Statutes § 118 (1984).
Application of the foregoing principles to the instant case demonstrates that Section 440.15(9)(a) permits a reduction in the weekly disability compensation benefits payable to an injured worker in those cases where the recipient becomes eligible for social security disability benefits. The offset only applies, however, to those instances where the injured worker is less than 62 years of age. In this case, the deputy commissioner was provided with evidence that this claimant was well past 62 years of age at the time he filed the petition for modification. Therefore, the Section 440.15(9)(c) provision which requires an employee to authorize release of social security disability information relating to him is inapplicable to this claimant by the clear limiting language of Section 440.15(9)(a). See: University of Florida, Institute of Agricultural Services v. Karch, 393 So.2d 621 (Fla. 1st DCA 1981).
We note that the limitation set forth in Section 440.15(9)(a) applies only to those injured workers who are recipients of social security disability benefits and are less than 62 years of age. Thus, the employer, pursuant to Section 440.15(9)(c) may require this claimant to authorize the release of unemployment compensation information relating to him.
For certiorari to lie, the claimant must show that the deputy commissioner's order requiring claimant to authorize the release of social security information was (1) a departure from the essential requirements of law, (2) which will cause the claimant material harm, (3) with no adequate remedy on appeal. Schonfeld v. Hughes Supply, Inc., 392 So.2d 324 (Fla. 1st DCA 1981). See also: Bullard v. Sharp, 407 So.2d 1023 (Fla. 4th DCA 1981); Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), cert. denied, 454 U.S. 815 (1981). In the instant case, the order requiring claimant to authorize the release of social security information before affording him a hearing on the merits of his claim constituted just such a departure from the essential requirements of law, insofar as the order requires release of social security disability information. In addition, the claimant has been harmed because he has not been afforded a hearing on the merits of his claim.
We grant the claimant's petition in part, and remand this case to the deputy commissioner with directions to sever that portion of the order which requires claimant to authorize release of social security disability information.
ZEHMER, J., concurs.
THOMPSON, J., dissents in part and concurs in part.
THOMPSON, Judge, dissenting in part and concurring in part.
In order to invoke certiorari jurisdiction, the claimant must show that the order which he seeks to have reviewed will cause him material harm. Notwithstanding the fact that the statute may not require the social security information to be released as contended by the majority, there is no evidence that the disclosure of that information will cause the claimant any material harm. On the contrary, it appears that the disclosure would show that the employer is not entitled to offset any of the social security payments. In determining whether *865 the certiorari jurisdiction of this court should be invoked, the question is whether compliance with the order will cause claimant material harm and not whether non-compliance with the order causes material harm. Unless the claimant has something to hide or is just being stubborn, there is no reason not to release the social security information. A substantial amount of time of three members of this court has been spent in determining whether to invoke our certiorari jurisdiction on an issue that cannot result in any material harm to the claimant. The claimant's attorney will receive a substantial fee for obtaining a ruling that vindicates him in principle as to part of the order reviewed, but is of absolutely no benefit to his client.
I concur that release of the unemployment compensation information should be authorized and would therefore deny certiorari.
NOTES
[1] We note that pursuant to the Florida Supreme Court's designation of the section 440.15(10) offset provisions as procedural, the deputy commissioner was correct in applying the 1983 statute rather than the 1977 statute which was in effect at the time of this claimant's injury. American Bankers Insurance Company v. Little, 393 So.2d 1063 (Fla. 1981).
[2] § 440.15(9)(a), Fla. Stat. (1983), provides:

(9) EMPLOYEE ELIGIBLE FOR BENEFITS UNDER THIS CHAPTER AND FEDERAL OLD-AGE, SURVIVORS, AND DISABILITY INSURANCE ACT. 
(a) Weekly compensation benefits payable under this chapter for disability resulting for injuries to an employee who becomes eligible for benefits under 42 U.S.C. s.423 shall be reduced to an amount whereby the sum of such compensation benefits payable under this chapter and such total benefits otherwise payable for such period to the employee and his dependents, had such employee not been entitled to benefits under this chapter, under 42 U.S.C. ss. 423 and 402, does not exceed 80 percent of the employee's average weekly wage. However, this provision shall not operate to reduce an injured worker's benefits under this chapter to a greater extent than such benefits would have otherwise been reduced under 42 U.S.C. s.424(a). This reduction of compensation benefits is not applicable to any compensation benefits payable for any week subsequent to the week in which the injured worker reaches the age of 62 years. (emphasis supplied).
[3] § 440.15(9)(c), Fla. Stat. (1983), provides:

(c) No disability compensation benefits payable for any week, including those benefits provided by paragraph (1)(e), shall be reduced pursuant to this subsection until the Social Security Administration determines the amount otherwise payable to the employee under 42 U.S.C. ss. 423 and 402 and the employee has begun receiving such social security benefit payments. The employee shall, upon demand by the division, the employer, or the carrier, authorize the Social Security Administration to release disability information relating to him and authorize the Division of Unemployment Compensation to release unemployment compensation information relating to him in accordance with rules to be promulgated by the division prescribing the procedure and manner for requesting the authorization and for compliance by the employee. Neither the division nor the employer or carrier shall make any payment of benefits for total disability or those additional benefits provided by paragraph (1)(e) for any period during which the employee willfully fails or refuses to authorize the release of information in the manner and within the time prescribed by such rules. The authority for release of disability information granted by an employee under this paragraph shall be effective for a period not to exceed 12 months, such authority to be renewable as the division may prescribe by rule. (emphasis supplied).