Mr. Stephen W. Johnson Attorney for the School Board of Lake County Post Office Drawer 1357 Leesburg, Florida 32749-1357
Dear Mr. Johnson:
You ask substantially the following question:
 Does the "Florida Clean Indoor Air Act," Part II, Ch. 386, F.S., require the School Board of Lake County to establish designated smoking areas or may the school board implement a policy banning smoking from all premises owned or controlled by the school board?
In sum, I am of the opinion that:
 The Florida Clean Indoor Air Act, Part II, Ch. 386, F.S., does not require a school board to establish designated smoking areas.
You state that the School Board of Lake County wishes to implement a policy banning smoking from all premises owned or controlled by the school board. However, the Lake County Educational Association, representing the teachers in Lake County, has advised the school board that the Florida Clean Indoor Air Act requires the school board to establish smoking areas.
Section 386.204, F.S., prohibits any person from smoking in a public place or at a public meeting except in a designated smoking area.[1] The act defines "[p]ublic place" to include "[g]overnment buildings," i.e., "any building or any portion of any building owned by or leased to the state or any political subdivision thereof and used for governmental purposes."[2]
Smoking areas may be designated by the person in charge of the public place.[3]
Section 386.205(3), F.S., provides:
 In a workplace where there are smokers and nonsmokers, employers shall develop, implement, and post a policy regarding designation of smoking and nonsmoking areas. Such a policy shall take into consideration the proportion of smokers and nonsmokers. Employers who make reasonable efforts to develop, implement, and post such a policy shall be deemed in compliance. . . . (e.s.)
Section 386.202, F.S., however, sets forth the purpose of the Florida Clean Indoor Air Act:
 The purpose of this act is to protect the public health, comfort, and environment by creating areas in public places and at public meetings that are reasonably free from tobacco smoke by providing a uniform statewide maximum code. This act shall not be interpreted to require the designation of smoking areas.[4] (e.s.)
Where the language used by the Legislature makes clear its intent, that intent must be given effect.[5] Thus, absent a violation of a constitutional right, a specific, clear and precise statement of legislative intent will control in the interpretation of a statute.[6]
While s. 386.205(3), F.S., provides that an employer shall develop a policy concerning the designation of smoking and nonsmoking areas, taking into consideration the proportion of smokers and nonsmokers, the intent of the Legislature in adopting Part II of Ch. 386, F.S., is clearly set forth in s. 386.202, F.S. The Florida Clean Indoor Air Act is not to be interpreted to require the designation of smoking areas. Such a specific and precise declaration of legislative intent must be given effect.[7]
I am, therefore, of the opinion that Part II, Ch. 386, F.S., the Florida Clean Indoor Air Act, does not require the school board to establish smoking areas.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] The prohibition does not apply when an entire room or hall is used for a private social function and the seating arrangements are under the control of the sponsor of the function and not of the proprietor or person in charge of the room or hall. See, s.386.203(4), F.S., defining "[s]moking" as the "possession of a lighted cigarette, lighted cigar, lighted pipe, or any other lighted tobacco product."
[2] See, s. 386.203(1) and (2), F.S., respectively. And see, s.1.01(9), F.S., defining "political subdivision" for purposes of the Florida Statutes to include "special tax school districts . . . and all other districts in this state."
[3] Section 386.205(1), F.S.
[4] Section 386.202, F.S.
[5] See, Barruzza v. Suddath Van Lines, Inc. 474 So.2d 861 (1 D.C.A.Fla., 1985); Philip Crosby Associates, Inc. v. State Board of Independent Colleges, 506 So.2d 490 (5 D.C.A.Fla., 1987) (cardinal rule of statutory construction is that statute should be construed so as to ascertain and give effect to legislative intent expressed in statute).
[6] Carawan v. State, 515 So.2d 161 (Fla. 1987).
[7] This office has been advised that the Department of Health and Rehabilitative Services has taken the position that the designation of smoking areas is not required under Part II, Ch.386, F.S. As an agency charged with certain administrative duties under the act, such an interpretation would be accorded great deference. See, s. 386.207, F.S., stating that the Department of Business Regulation and the Department of Health and Rehabilitative Services (HRS) shall enforce ss. 386.205 and386.206, F.S., requiring public agencies responsible for the management and maintenance of government buildings to report observed violations to HRS. And see, Department of Environmental Regulation v. Goldring, 477 So.2d 532 (Fla. 1985); Shell Harbor Group, Inc. v. Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 487 So.2d 1141 (1 D.C.A.Fla., 1986) (administrative construction of statute by agency responsible for its administration is entitled to great weight and should not be overturned unless clearly erroneous).