Mr. John J. Copelan, Jr. County Attorney Broward County 115 So. Andrews Avenue, Suite 423 Fort Lauderdale, Florida 33301
Dear Mr. Copelan:
On behalf of Broward County you ask substantially the following questions:
1. Does the "Public Bid Disclosure Act," created by Ch. 93-76, Laws of Florida, require a local government to disclose all its permits or fees generically, i.e., an all-encompassing list included with every bid, or must the disclosure be specific to the project of each bid?
2. May a county include in its bid documents a lump-sum allowance for the total cost of all permits and fees which will be required by the county?
In sum:
1. The "Public Bid Disclosure Act" requires a local government to disclose all permits or fees payable by a contractor to the local government for a specific project.
2. The "Public Bid Disclosure Act" would not preclude a local government from including in its bid documents a lump-sum allowance for the total cost of all permits and fees required by the county, provided the document discloses all permits and fees payable by the contractor to the local government for the specific project.
Question One
The "Public Bid Disclosure Act"[1] states the Legislature's intent to require a local governmental entity to disclose all of its permits or fees[2] payable by the contractor to the unit of local government that issues bid documents or other requests for proposals. It is further stated that a local government is prohibited "from halting construction to collect any undisclosed permits or fees which were not disclosed or included in the bidding documents or other request for proposal for the project at the time the project was let for bid."[3]
Section 218.80(3), F.S., states:
Bidding documents or other request for proposal issued for bids by a local governmental entity, or any public contract entered into between a local governmental entity and a contractor shall disclose each permit or fee which the contractor will have to pay before or during construction and shall include the dollar amount or the percentage method or the unit method of all permits or fees which may be required by the local government as a part of the contract. If the request for proposal does not require the response to include a final fixed price, the local governmental entity is not required to disclose any fees or assessments in the request for proposal. However, at least ten days prior to requiring the contractor to submit a final fixed price for the project, the local governmental entity shall make the disclosures required in this section. Any of the local governmental entity's permits or fees which are not disclosed in the bidding documents, other request for proposal, or a contract between a local government and a contractor shall not be assessed or collected after the contract is let. No local government shall halt construction under any public contract or delay completion of the contract in order to collect any permits or fees which were not provided for or specified in the bidding documents, other request for proposal, or the contract. (e.s.)
The plain language of the law makes the disclosure of permits and fees which a contractor will have to pay to a governmental entity specific to the project which has been let for bids. It is a general proposition that a legislative directive as to how a thing shall be done is an implicit prohibition against its being done in any other manner.[4] Further, where the language used by the Legislature makes clear its intent, that intent must be given effect.[5]
Thus, a local governmental entity may not include a "laundry list" of permits which may or may not be applicable to a specific project in a request for proposals or a bid document. Such a practice would not adequately disclose to the contractor the costs of the permits and fees which would be required for the project.
Question Two
While the "Public Bid Disclosure Act" requires that bid documents disclose the permits and fees which would be required for a project, the language of the statute that the bid document "shall include the dollar amount or percentage method or the unit method of all permits or fees which may be required by the local government as a part of the contract" would appear to allow a lump-sum allowance for the total cost of all permits and fees required by the county. The inclusion of a lump-sum allowance, however, would not relieve the county of its responsibility to disclose the specific permits and fees payable by the contractor for the project.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 218.80, F.S., as created by Ch. 93-76, Laws of Florida.
[2] Section 218.80(2), F.S., provides that the term fees includes, but is not limited to, all license fees, permit fees, impact fees, or inspection fees.
[3] Section 218.80(2), F.S. See also, s. 218.80(4), F.S., stating:
This section does not require disclosure in the bidding documents of any permits or fees imposed as a result of a change order or a modification to the contract. The local government shall disclose all permits or fees imposed as a result of a change order or a modification to the contract prior to the date the contractor is required to submit a price for the change order or modification.
[4] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (when the controlling law directs how a thing shall be done, it is, in effect, a prohibition against its being done in any other way).
[5] See, Barruza v. Suddath Van Lines, Inc., 474 So.2d 861 (1 D.C.A. Fla., 1985) (cardinal rule of statutory construction is that statute should be construed so as to ascertain and give effect to legislative intent expressed in the statute).