Mr. Fred O. Dickinson, III Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32399-0500
Dear Mr. Dickinson:
You ask substantially the following questions:
1. Are driver improvement schools required by section 318.1451(4), Florida Statutes (1994 Supp.), to collect a $2.50 assessment fee from students who are ordered by a court to attend a driver improvement course and, if so, whether such fees must be remitted to the Department of Highway Safety and Motor Vehicles?
2. Did section 322.025, Florida Statutes, as amended by section 6, Chapter 88-405, Laws of Florida, limit the expenditure of funds collected pursuant to section 320.08(1)(d), Florida Statutes (1994 Supp.), to the Florida Motorcycle Safety Education Program operations and, if so, must the Department of Highway Safety and Motor Vehicles restore such funds that were expended on other driver improvement programs?
In sum:
1. Section 318.1451(4), Florida Statutes (1994 Supp.), authorizes the collection of a $2.50 assessment fee from each person who elects to attend a driver improvement course pursuant to sections318.14(9), 322.0261, and 322.291, Florida Statutes, but does not otherwise require the collection of such an assessment from persons who are ordered by a court to attend the course. In light of this conclusion, no response to the second part of your question is necessary.
2. The Department of Highway Safety and Motor Vehicles reasonably relied upon the Legislature's use of funds collected pursuant to section 320.08(1)(d), Florida Statutes, to fund the appropriation to the Accident Reports Trust Fund and the absence of an express limitation on the use of such funds, to conclude that section322.025, Florida Statutes, as amended by section 6, Chapter 88-405, Laws of Florida, did not preclude the expenditure of surplus funds for operational expenses properly paid from that trust fund.
Question One
Section 318.1451(4), Florida Statutes (1994 Supp.), states:
In addition to a regular course fee, an assessment fee in the amount of $2.50 shall be collected by the school from each person who elects to attend a course, as it relates to ss. 318.14(9),322.0261, and 322.291, which shall be remitted to the Department of Highway Safety and Motor Vehicles and deposited in the Highway Safety Operating Trust Fund to administer this program and to fund the general operations of the department. (e.s.)
Section 318.14(9), Florida Statutes (1994 Supp.), provides that any person cited for a specified noncriminal traffic infraction "may, in lieu of a court appearance, elect to attend in the location of his choice within this state a basic driver improvement course approved by the Department of Highway Safety and Motor Vehicles." In such cases, adjudication is withheld, points are not assessed against the individual's driving record, and the civil penalty imposed for the infraction is reduced by 18 percent.
Under section 322.0261(1), Florida Statutes (1994 Supp.), the Department of Highway Safety and Motor Vehicles (department) is directed to screen accident reports and to identify those accidents involving death or bodily injury requiring transport to a medical facility, or a second accident by the same operator within the previous two-year period involving property damage of at least $500. If an operator is convicted of or pleads nolo contendere with respect to an accident involving the circumstances set forth in subsection (1), the department "shall require that the operator . . . attend a departmentally approved driver improvement course in order to maintain driving privileges."[1]
Section 322.291, Florida Statutes, requires proof of driver improvement schools for operators whose driving privilege have been revoked upon conviction for specified offenses, as a habitual offender or as directed by the court, or was suspended under the point system or for unlawful blood alcohol content, or for refusal to submit to a lawful breath, blood, or urine test, before the driving privilege will be reinstated.
Thus, the Legislature has enumerated the circumstances under which the $2.50 assessment fee must be collected from a person attending a driver improvement school pursuant to section 318.1451(4), Florida Statutes (1994 Supp.), and no others may be inferred.[2]
Accordingly, driver improvement schools are not required by section 318.1451(4), Florida Statutes (1994 Supp.), to collect a $2.50 assessment fee from students who are ordered by a court to attend a driver improvement course under conditions other than those set forth in the statute.
This office has been informed that the $2.50 assessment fee has not been collected from persons attending a driver improvement school under circumstances other than pursuant to section318.1451(4), Florida Statutes (1994 Supp.).
Question Two
Section 322.025, Florida Statutes, as amended by section 6, Chapter 88-405, Laws of Florida, provided:
The department may implement programs to improve the driving ability of the drivers of this state. Such programs may include, but shall not be limited to, safety awareness campaigns, driver training, and licensing improvement. Motorcycle driver improvement programs implemented pursuant to this section or s. 322.0255 shall be funded by the motorcycle safety education fee collected pursuant to s. 320.08(1)(d), which shall be deposited in the Accident Reports Trust Fund of the department and appropriated for that purpose.
Prior to its amendment, the statute did not differentiate among the driver improvement programs that could be funded by the motorcycle safety education fee, but stated that "[m]oneys deposited in the Accident Reports Trust Fund shall first be appropriated to fund the Florida Motorcycle Safety Education Program mandated by s. 322.026 [now s. 322.0255]; to the extent that such moneys are more than sufficient to fund this program, moneys shall be appropriated to fund other driver improvement programs." The 1988 amendments to the statute deleted the language allowing excess moneys to be expended on other driver improvement programs and added language specifying that "[m]otorcycle driver improvement programs" were to be funded by the motorcycle safety education fee collected pursuant to section 320.08(1), Florida Statutes.
The plain language of the amended statute and the deletion of the language authorizing the use of excess funds for other driver improvement programs arguably indicate a legislative intent that the fees collected pursuant to section 322.08(1)(d), Florida Statutes, were to be used only for motorcycle driver improvement programs.[3] The legislative history of Chapter 88-405, Laws of Florida, supports this conclusion. It reflects that the changes to section 322.025, Florida Statutes, relate to the funding of the revised statewide motorcycle education program created in section322.0255, Florida Statutes, and "remov[es] a provision from the section that presently authorizes the funding of other driver improvement programs with any surplus funds that may be available from the Motorcycle Safety Education Program."[4]
However, during the 1988 legislative session no changes were made to section 320.08(1)(d), Florida Statutes (1987), that provided for the collection of a $2.50 fee in addition to the required license taxes when a motorcycle, motordriven cycle, or moped was registered. At that time the statute stated: "The proceeds of such additional fee shall be deposited in the Accident Reports Trust Fund." As reflected by the working papers attendant to the appropriations for the Department of Highway Safety and Motor Vehicles in the years following 1988, the Legislature used the projected collections of the motorcycle safety education fee in calculating the total appropriations for the Accident Reports Trust Fund. There were no specific appropriations for the motorcycle driver improvement programs, nor was there language in the appropriations act that restricted expenditures of the motorcycle safety education fees.
This office has been informed that the department disclosed the amount of funds that were expended to provide motorcycle driver improvement programs and used the surplus from the collection of fees over the cost of providing the programs to pay for operational expenses properly drawn from the Accident Reports Trust Fund. The department relied upon the Legislature's continued inclusion of the motorcycle safety education fees in the Accident Reports Trust Fund without attendant limiting language to provide the mandated motorcycle driver improvement programs at a cost less than the amount generated by the fees collected and to use excess fees deposited in the trust fund for payment of operational costs appropriately paid from that fund.
Accordingly, it is my opinion that section 322.025, Florida Statutes, as amended by section 6, Chapter 88-405, Laws of Florida, did not clearly restrict the authority of the department to expend surplus funds after providing the motorcycle safety education program on other driver improvement programs. Rather, the department reasonably relied upon the Legislature's continued appropriation of the fees collected pursuant to section320.08(1)(d), Florida Statutes, to the Accident Reports Trust Fund with no attendant limiting language to use such surplus funds to pay for the department's operational costs that were properly paid from the trust fund. Given the nonrestrictive language in section320.08(1)(d), Florida Statutes (1987), regarding the collection and deposit of motorcycle safety education fees, and the Legislature's actions in using the fees to make its appropriation to the Accident Reports Trust Fund, I cannot say that the Department of Highway Safety and Motor Vehicles acted improperly or in a manner that would require reimbursement of the surplus funds.
Section 320.08(1)(d), Florida Statutes, was amended by Chapter 93-228, Laws of Florida, to provide that the fees collected pursuant thereto shall "be used exclusively to fund a motorcycle driver improvement program implemented pursuant to s. 322.025 or the Florida Motorcycle Safety Education Program established in s.322.0255." Clearly, after July 1, 1993, the effective date of Chapter 93-228, Laws of Florida, the funds generated by the collection of the fees under section 320.08(1)(d), Florida Statutes, may only be used to fund motorcycle driver improvement programs.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 322.0261(2), Fla. Stat. (1993 Supp.).
[2] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (When the Legislature has prescribed the mode, that mode must be observed; when the controlling law directs how a thing shall be done that it is, in effect, a prohibition against its being done in any other way).
[3] See, Barruzza v. Suddath Van Lines, Inc., 474 So.2d 861 (Fla. 1st DCA 1985) (when language used by the Legislature makes clear its intent, that intent must be given effect). See also, Philip Crosby Associates, Inc. v. State Board of Independent Colleges,506 So.2d 490-491 (Fla. 5th DCA 1987) (Cardinal rule of statutory construction is that statute should be construed so as to ascertain and give effect to legislative intent expressed in the statute).
[4] See, Final Staff Analysis Economic Impact Statement, House of Representatives Committee on Transportation, June 23, 1988.