The Honorable Lynn Tepper Judge, Sixth Judicial Circuit of Florida 38053 Live Oak Avenue, Room 106C Dade City, Florida 33523
Dear Judge Tepper:
You ask the following question:
Must a foreign domestic violence protection order issued in accordance with 18 U.S.C. § 2265 be registered or recorded in order to be recognized and enforced by local law enforcement agencies?
In sum:
Foreign protection orders issued in accordance with the Violence Against Women Act, 18 U.S.C. § 2265 are enforceable by local law enforcement agencies without being registered or recorded in this state. Since 18 U.S.C. § 2265 requires that these orders be enforced as if they were an order of the enforcing state and Florida law makes domestic violence orders enforceable in all counties, such foreign protection orders are enforceable by local law enforcement officers in any county of this state.
With the enactment of the Violence Against Women Act of 1994 (VAWA), Congress has recognized that domestic violence constitutes a national problem that transcends state lines. The act provides a critical component in the protection against domestic violence by mandating the recognition and enforcement of foreign protection orders. Title 18 U.S.C. § 2265(a) provides:
Any protection order issued that is consistent with subsection (b) of this section by the court of one State or Indian tribe (the issuing State or Indian tribe) shall be accorded full faith and credit by the court of another State or Indian tribe (the enforcing State or Indian tribe) and enforced as if it were the order of the enforcing State or tribe.
In order for the full faith and credit provisions of18 U.S.C. § 2265 to apply, the act requires that the state issuing the protection order have had both personal and subject matter jurisdiction and that the respondent receive reasonable notice and an opportunity to be heard.[1] A "protection order" is defined in18 U.S.C. § 2266 as including
any injunction or other order issued for the purpose of preventing violent or threatening acts or harassment against, or contact or communication with or physical proximity to, another person, including temporary and final orders issued by civil or criminal courts (other than support or child custody orders) whether obtained by filing an independent action or as a pendente lite order in another proceeding so long as any civil order was issued in response to a complaint, petition or motion filed by or on behalf of a person seeking protection.
A review of the legislative history surrounding the enactment of VAWA indicates an intent to provide protection for victims of domestic violence crimes across state lines. A congressional committee report discussing the act states that VAWA
makes protective orders issued by one State good in the other 49 States. Under [then] current law, a spouse who obtains a "stay-away" order in one State may lose the protection of that order if she crosses State lines. . . . The committee believes these actions to constitute an appropriate response to the problem of domestic violence which, because of their interstate nature, transcend the abilities of State law enforcement agencies. . . . Thus, it is not a radical expansion of the law to require one State to enforce the "stay-away" order of another.[2]
It is a fundamental rule of law that statutes are to be construed to give effect to the intention of the legislative body.[3] Thus, in order to give effect to the expressed intent of the Congress, I am of the opinion that VAWA requires that a protection order issued by another State or an Indian tribe in accordance with the provisions of 18 U.S.C. § 2265 be treated and enforced as if it were a protection order issued by a Florida court.
Article IV, section 1, United States Constitution, provides:
Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof. (e.s.)
The provisions of 18 U.S.C. § 2265 constitute an implementation of the authority granted to Congress by Article IV, section 1 of the United States Constitution. Congress has specified that the protection orders of one State consistent with the provisions of VAWA are to be enforced in any other State. The federal act does not make such enforcement contingent upon registration in the enforcing State or require judicial review prior to enforcement of the foreign domestic violence protection order by law enforcement.
Ordinarily in Florida an individual wishing to enforce a foreign judgment must record the judgment with the clerk of the circuit court.[4] Under the Florida act, notice must be provided to the individual against whom the judgment applies and such judgment is not enforceable for 30 days after the mailing of notice by the clerk.[5] If the provisions of the Florida act were applied, the target of the order would be notified of the filing by, and the location of, the domestic violence victim which would hinder the victim's ability to keep her location secret.
As noted above, nothing in VAWA requires registration of foreign protection orders in the enforcing state. While there may be advantages in registering such orders, "requiring registration could leave victims unprotected and vulnerable from the time they enter a new state until the time they become aware of and satisfy registration requirements."[6] The federal act preempts any registration requirement by mandating that any foreign domestic violence protection order be enforced as if it were an order of the court of the enforcing state. Thus, the provisions of state law such as the Enforcement of Foreign Judgments Act are inapplicable to the enforcement of a foreign protection order issued in compliance with VAWA.
In Florida, a temporary or final judgment on an injunction for protection against domestic violence is valid and enforceable in all counties of the state.[7] Law enforcement officers are authorized to use their arrest powers under section 901.15(6), Florida Statutes, to enforce a domestic violence injunction.[8]
Therefore, in accordance with the mandate that foreign protection orders issued in accordance with VAWA be given full faith and credit and enforced in the same manner as state protective orders, I am of the opinion that local law enforcement officers should enforce foreign protection orders as if they were an order of a court of this state. Such orders, like state domestic violence injunctions, are enforceable throughout the state. While legislative action to clarify these issues may be helpful, enforcement of foreign protection orders is not contingent upon the passage of such legislation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, 18 U.S.C. § 2265(b). And see, 18 U.S.C. § 2265(c) which provides that
A protection order issued by a State or tribal court against one who has petitioned, filed a complaint, or otherwise filed a written pleading for protection against abuse by a spouse or intimate partner is not entitled to full faith and credit if: (1) no cross or counter petition, complaint, or other written pleading was filed seeking a protection order; or (2) a cross or counter petition has been filed and the court did not make specific findings that each party was entitled to such an order.
[2] Committee on the Judiciary, United States Senate, 103d Congress, 1st Session, Congressional Report 103-138, September 10, 1993, pp. 61-62. See also, report at pp. 43-44, stating that the act "closes a major loophole by requiring that each State honor the protective orders issued by other States."
[3] See, e.g., City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950); Barruzza v. Suddath Van Lines, Inc., 474 So.2d 861
(Fla. 1st DCA 1985); Philip Crosby Associates, Inc. v. State Board of Independent Colleges, 506 So.2d 490-491 (Fla. 5th DCA 1987) (cardinal rule of statutory construction is that statute should be construed so as to ascertain and give effect to legislative intent expressed in statute).
[4] See, the "Florida Enforcement of Foreign Judgments Act," ss.55.501-55.509, Fla. Stat.
[5] Section 55.505(2) and (3), Fla. Stat.
[6] Catherine F. Klein, "Full Faith and Credit: Interstate Enforcement of Protection Orders Under Violence Against Women Act of 1994," 29 Family Law Quarterly, Number 2, p. 257 (1994).
[7] See, s. 741.31(6)(c), Fla. Stat., requiring that a temporary or permanent injunction for protection against domestic violence indicate, on its face, that it is valid and enforceable in all counties of the State of Florida.
[8] Id., stating that an injunction must, on its face, indicate that law enforcement officers may use their arrest powers to enforce the injunction. And see, s. 741.29(5), Fla. Stat., which provides:
No law enforcement officer shall be held liable, in any civil action, for an arrest based on probable cause, enforcement in good faith of a court order, or service of process in good faith under this chapter arising from an alleged incident of domestic violence brought by any party to the incident.
Cf., s. 901.15(6), Fla. Stat., authorizing warrantless arrests by law enforcement officers when there is a violation of an injunction for protection entered pursuant to s. 741.30, Fla. Stat.