Mr. Gordon B. Linn Pompano Beach City Attorney Post Office Box 2083 Pompano Beach, Florida 33061
Dear Mr. Linn:
On behalf of the city commission, your office asks substantially the following question:
Is there a time limitation on the collection of voters' signatures for a petition to amend the city charter pursuant to section166.031(1), Florida Statutes?[1]
In sum:
As section 166.031(1), Florida Statutes, requires a petition to amend a city charter to have signatures of ten percent of the registered electors as of the last preceding municipal generalelection, a reasonable construction of the statute is that signatures are valid for two years. It would be advisable, however, to seek legislative clarification.
You note that several statutes providing for citizen initiatives prescribe the length of time that the signatures on such an initiative petition remain valid. For example, section 100.371(2), Florida Statutes, governing petitions to amend the Florida Constitution, limits the validity of signatures on such petitions to four years.[2] Section 100.361(1), Florida Statutes, which prescribes the procedures for municipal recall elections, requires that "[a]ll signatures shall be obtained within a period of 30 days, and the petition [for recall] shall be filed within 30 days after the date the first signature is obtained on the petition."
Section 166.031(1), Florida Statutes, however, in setting forth the method for amending municipal charters, states:
"The governing body of a municipality may, by ordinance, or theelectors of a municipality may, by petition signed by 10 percentof the registered electors as of the last preceding municipalgeneral election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the nextgeneral election held within the municipality or at a special election called for such purpose."[3] (e.s.)
It is a paramount rule of statutory construction that the legislative intent and purpose behind the enactment of the statute must be determined and effectuated.[4] The purpose of the statute is to enable the electors of the municipality to place an amendment to the charter on the ballot. Such intent, however, would be frustrated if the signatures on a petition were to remain valid indefinitely since the signatories may no longer be electors of the municipality.
By requiring signatures of ten percent of the registered electors in the last municipal election in order to place the petition on the ballot, the statute appears to contemplate that such signatures will not be valid indefinitely. Since general elections are usually held every two years and the statute bases the required number of signatures on the last municipal general election, I am of the opinion that, until this matter is legislatively or judicially clarified, it is reasonable to conclude that the signatures on a petition to amend a municipal charter pursuant to section 166.031, Florida Statutes, would be valid for period of two years. I would, however, suggest that the Legislature revisit the statute and clarify its intent.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] You also ask about several provisions of the city charter. This office is authorized to render opinions regarding the interpretation of state law. See, s. 16.01(3), Fla. Stat. As discussed in this office's Statement Concerning Attorney General Opinions, opinions are not issued on questions involving the interpretation of local charters, codes, or ordinances.
[2] See, s. 100.371(2), Fla. Stat., providing:
"Such certification shall be issued when the Secretary of State has received verification certificates from the supervisors of elections indicating that the requisite number and distribution of valid signatures of electors have been submitted to and verified by the supervisors. Every signature shall be dated when made and shall be valid for a period of 4 years following such date, provided all other requirements of law are complied with."
[3] See, Art. VIII, s. 2(a), Fla. Const., providing that municipal charters may be amended pursuant to general law or special law.
[4] See generally, Department of Legal Affairs v.Sanford-Orlando Kennell Club, Inc., 434 So.2d 879 (Fla. 1983) (intent of the Legislature as gleaned from statute is the law);Barruzza v. Suddath Van Lines, Inc., 474 So.2d 861 (Fla. 1st DCA 1985); Philip Crosby Associates, Inc. v. State Board ofIndependent Colleges, 506 So.2d 490 (Fla. 5th DCA 1987) (cardinal rule of statutory construction is that statute should be construed so as to ascertain and give effect to legislative intent expressed in statute).